ACCEPTED
01-15-00160-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/19/2015 4:04:20 PM
CHRISTOPHER PRINE
CLERK

### No. 01-15-00160-CV

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/19/2015 4:04:20 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE COURT OF APPEALS FOR THE FIRST JUDICIAL DISTRICT OF TEXAS AT HOUSTON

_____

### In the Interest of D.L.D., L.L.S., J.J.S., H.N.S., Children

_____

### J.T.D. [mother], Appellants

### v.

### Department of Family & Protective Services, Appellee

_____

On appeal from the 313th Judicial District
of Harris County, Texas; No. 2013-05778J

_____

## APPELLEE'S BRIEF

_____

VINCE RYAN
COUNTY ATTORNEY
State Bar #99999939
Sandra D. Hachem (SBN 08667060)
Sr. Assistant County Attorney
1019 Congress, 175h Floor
Houston, Texas 77002
Telephone: (713) 274-5293
Facsimile: (713) 437-4700
Email: sandra.hachem@cao.hctx.net
ATTORNEY FOR APPELLEE,
DEPARTMENT OF FAMILY &
PROTECTIVE SERVICES

**ORAL ARGUMENT REQUESTED**
**[If deemed necessary]**

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................... ii

INDEX OF AUTHORITIES............................................................................ iii

STATEMENT OF THE CASE...........................................................................iv

REPLY POINT ...............................................................................................v

STATEMENT OF FACTS .................................................................................1

SUMMARY OF ARGUMENT ........................................................................14

ARGUMENT AND AUTHORITIES................................................................17

**REPLY POINT ONE:** **Nothing in the court's conduct during trial reflects error and does not provide a basis for reversal.** .............................17

**REPLY POINT TWO:** **The evidence sufficiently supported the court's finding that parental termination was in the children's best interest**........20

    **1. Appellant's Claim, the Law and Standard of Review** ....................20

    **2. There was sufficient proof for the trier of fact's finding that termination was in the children's best interest considering the evidence in support of Subsections D, E and O, and particularly, the proof that the mother had a pattern of neglect, and engaged in illegal drug and prostitution activities after the children came into care demonstrating her lack of commitment to the parent-child relationship.**........................................................23

PRAYER FOR RELIEF ..................................................................................30

CERTIFICATE OF SERVICE .........................................................................31

CERTIFICATE OF WORD COUNT COMPLIANCE...........................................31

Appendix ...............................................................................(attached)

# INDEX OF AUTHORITIES

**CASES**                                                                                                    **PAGE**

*In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002).. ...............................................21, 22, 27

*Earvin v. Dept. of Fam. & Prot. Servs.,* 229 S.W.3d 345
   (Tex. App.—Houston [1st Dist.] 2007, no pet.). ...............................................29

*In re E.A.F.*, 424 S.W.3d 742
 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). ...........................................21

*In re E.C.R.*, 402 S.W.3d 239 (Tex. 2013) ...............................................27

*Holick v. Smith*, 685 S.W.3d 18 (Tex. 1985) ...............................................21

*Holley v. Adams,* 544 S.W.2d 367 (Tex. 1976) ...............................................24

*I.K.B. Ind. (Nigeria) Ltd. v. Pro Line Corp.*, 938 S.W.2d 440 (Tex. 1997) ............25

*In re J.F.C.,* 96 S.W.3d 256 (Tex. 2002) ...............................................22

*In re J.O.A.,* 283 S.W.3d 336 (Tex.2009) ...............................................20

*M.M.V. v. Tex. Dept of Fam. & Prot. Servs.*, 455 S.W.3d 186
   (Tex. App.—Houston [1st Dist.] 2014. no pet.) ...............................................17

*P.W. v. Dept. of Fam. & Prot. Servs.,* 403 S.W.3d 471
   (Tex. App.—Houston [1st Dist.] 2013, pet. dism'd w.o.j.). ...............................20

*In re S.B.*, 207 S.W.3d 877 (Tex. App.—Fort Worth 2006, no pet.)...................29

*In re U.P.,* 105 S.W.3d 222 (Tex. App.—
   Houston [14th Dist.] 2003, pet. denied)...............................................23


**STATUTES**

Tex. Fam. Code An. §101.007 (West 2014)...............................................22

Tex. Fam. Code Ann. §161.001 (West 2008)....................................... iv, 20, 21, 25

Tex. Fam. Code Ann. §263.307 (West 2014)....................................................24, 26

**RULES**

Tex. R. App. P. 33.1.........................................................................................17

## STATEMENT OF THE CASE

On July 18, 2013, the Department filed a suit for protection of four children all under the age of 6. CR[1] 4. A second amended petition was filed on August 21, 2014. CR 55. A bench trial was held January 20, 2015. CR 85. A judgment was thereafter signed on February 3, 2015 that terminated the parent-child relationships of the mother (JTD) and the unknown and alleged fathers Charles, Rodney, and Troy. *Id.* JTD's parental rights were terminated based on findings that it was in the children's best interest and that she committed the predicate acts of Subsection D, E, and O of Section 161.001(1) of the Family Code. CR 87-88. The Department was named the sole managing conservator of the three youngest children and Darrell, the biological father of DLD, was named the sole managing conservator of DLD. CR 90. JTD did not file a motion for new trial.

---

[1] In this brief "CR" refers to the Clerk's record filed in this appeal.

## REPLY POINTS

**REPLY POINT ONE:** **Nothing in the court's conduct during trial reflects error and does not provide a basis for reversal.**

**REPLY POINT TWO:** **The evidence sufficiently supported the court's finding that parental termination was in the children's best interest**

_____

IN THE COURT OF APPEALS FOR THE
FOURTEENTH JUDICIAL DISTRICT OF TEXAS AT HOUSTON

_____

In the Interest of D.L.D., L.L.S., J.J.S., H.N.S., Children

_____

J.T.D. [mother], Appellants
v.
Department of Family & Protective Services, Appellee

_____

On appeal from the 313th Judicial District
of Harris County, Texas; No. 2013-05778J

_____

**APPELLEE'S BRIEF**

_____

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Department of Family & Protective Services, Appellee, [hereinafter "Department"] submits this brief in response to the brief of ALT.

## STATEMENT OF FACTS

JTD (appellant) was born in 1986. RR-5 p. 78. When she was 21 years of age, she gave birth to her oldest child, a son (DLD), in the early summer of 2007 in Louisiana. RR-5 p. 14. Her next child, another son (LLS) was born in the early spring of 2010 in Louisiana. RR-5 16. Her third child (JJS), another little boy, was

born in the early spring of 2011 in Louisiana. RR-5 p. 18. Her fourth child (HNS), a little girl, was born in the spring of 2012 in Louisiana. RR-5 p. 20.

On July 4, 2013, the Department received a report of neglectful supervision concerning the oldest child. RR-5 p. 36. It was reported that he was touched inappropriately by a younger cousin and the mother failed to take steps to make her child safe. RR-5 p. 36. A few days later, the Department received another report. RR-5 p. 36. This time it was reported that all of the children were placed in a situation of inadequate supervision and sexual abuse. RR-5 p. 36.

It was learned the family had no support system, and had been homeless for a while without employment. RR-3 p. 37. JTD as well as her sister, and their children, had been receiving housing at a Women's Shelter, but were left homeless due to family violence which resulted in them losing that housing. RR-5 p. 36. It appeared that JTD had undiagnosed mental issues. RR-5 p. 37. JTD stated she was raised in foster care for being molested by her biological father. RR-5 p. 37. It was noted that the youngest child had a club foot. RR-5 p. 37.

On July 18, 2013, a suit was filed by the Department for the children in Montgomery County. CR 4. The Department was named the children's temporary managing conservator that same date. Appendix, Attachment 1. At the subsequent adversary hearing, the Department signed an order advising JTD that her parental rights could be restricted or terminated if she failed to comply with the actions

2

required of her in the court's order. Appendix, Attachment 2 (para 11). One of those actions involved the requirement that she comply with the Department's service plan during the pendency of the suit. *Id.* (para 20.5). The court also signed a supplemental order that same date that specifically warned JTD that her failure to attend hearings without good cause and failure to participate in the Family Plan of Service could result in parental termination. Appendix, Attachment 3.

The next month, the Department prepared a Family Service Plan for JTD with a target date for permanency goals of 7/18/2014. RR-3 p. 36. The plan stated the Department's concerns as of that month related to risk and safety as follows:

> Children are all under the age of six. The family has been in homeless shelters and was evicted from the last one. The sisters have a volatile relationship which caused the eviction and the children are exposed to this violence. [DLD] is 5, [LLS] is 3, [JJS] is 2, and [HNS] is 1 year old. [HNS] has a club foot on the left side. None of the children are hostile or aggressive or unusually disturbed, fussy; or irritable; or the behavior of any child seen as provoking. None of the children in the home fear retribution. Parent will be able to demonstrate an understanding of her children's need for protection and stability.
>
> It is unsure whether [JTD] has been diagnosed, however there is an issue with stability. Past relationship history is sketchy causing physical and emotional instability. The caregiver does not appear to lack the knowledge of child development. [JTD] lacks the parenting skills to meet the children's needs. [JTD] behavior of violating shelter rules 2 times and being forced to leave is out of control. [JTD]'s discipline measures nor behaviors seem violent or out or control. No caregiver used any discipline measure that seemed harsh compared to the misbehavior. No caregiver in the home was stressed about child development issues. [JTD] appears to have undiagnosed mental Issues. There are no indications of anyone in the home using drugs or alcohol. There are no indications of [JTD] engaging in criminal

activities. [JTD] stated that she was raised in foster care for being molested by her biological father. Parent will demonstrate an ability to understand and meet her children's dally needs. She will develop a plan for emergencies and support for unexpected contingencies.

The family appears to have no formal support in the way of a support system. They have been homeless for a time, with no job or housing. The oldest child who is of school age, has not been to school. Two of the children have medical needs that have not been resolved, each of which will involve a form of surgery. All caregivers show empathy and attachment to the children. It is unknown if the children's needs are placed above the caregiver's. None of the children are seen as a burden or unwanted. The children are all treated the same by the caregiver. [JTD] stated that HNS was supposed to wear legs braces and she did not go back to the doctor to get them. The children appeared to be physically cared for. Parent will demonstrate an understanding of children's dally need for protection and parent's supervision. Parent will put her children's needs before her own.

There does not appear to be any form of cooperation or communication between the sister that is working to resolve their life choices at this time. The children are exposed to family arguments, bullying, name calling and physical fights, two of the children need some form of surgery. The family has been evicted from a shelter for violence between the sisters. The children were also behind in their immunizations. No child has shown signs of severe harm. None of the caregivers have expressed a credible threat towards the children. None of the children was born addicted to drugs or alcohol. None of the children are in immediate danger of subsequent sexual abuse. There are no signs of any premeditated, sadistic, or bizarre maltreatment. [JTD] stated that she had no warnings and should have not been asked to leave the shelter. This information was not consistent with the shelter staff reports. [JTD] is not able to meet the needs of her 4 children due to not having a home. [JTD] stated that she was removed from her family as a child and grew up in foster care because she was sexually abused by her biological father. It is unknown if the incidents are escalating in severity or occurring more frequently. It is unknown if more types of abuse have been occurring. Parent will demonstrate an ability to maintain appropriate housing and living condition.

4

Essentially there is no home or social environment. The family has no home and no one other than themselves and a former foster mother as a support system. [JTD] was living in the Women's Shelter in Conroe which was appropriate for the children's needs. [JTD] was forced to leave the shelter for not obeying shelter rules and fighting with her sister. This was the second shelter she was asked to leave for the same reasons. This behavior exposes dangers to the children due to them not having a home. The family is not supported by extended family. The caregiver's social relationships are not negative. [JTD] was a victim and perpetrator of domestic violence with her sister [BS]. No one has a history of violent behavior nor criminal involvement There is not an imbalance of power between the adults. Parent will demonstrate an ability to maintain a healthy, drug free lifestyle with an positive support system.

During the investigation the family was warned that cooperation's between the sisters was essential to keeping their placement at the shelter and the consequences of losing their placement at the shelter would result in removal. Every caregiver took the allegations very serious and appeared concerned. None of the caregivers are unmotivated or unrealistic. None of the caregivers displayed any hostility towards FPS. None of the caregivers attempted to mislead FPS. Parent will demonstrate an understanding of Intervention and accept the services available to her In order to improve her situation and improve the safety of her children.

While the sisters have remained together, their relationship has become on of bickering and violence toward one another. Their children have become the center of this verbal and physical lifestyle. It is difficult to protect children when the lifestyle involves violence and issues of insecurity and indecision. All caregivers appear willing to protect the children from anybody who may inflict serous harm. There are no indications that children are being pressured to recant allegations. The family is not supported by family. The caregiver does not describe the children in negative terms. [JTD] rejected protective interventions by getting asked to leave the shelter with no where for her or her young children to go.· Parent will demonstrate an understanding of the characteristics needed for the development and safety of her children.

RR-3 p. 37-38.

A status hearing was held in September 2013 and the court signed an order on September 11, 2013 that found the mother signed and reviewed the service plan. RR-2 p. 12; Appendix, Attachment 4. The service plans were approved and made an order of the court. *Id.* In October, the case was transferred to Harris County. Appendix, Attachment 5. On December 10, 2013, a permanency hearing was held that again approved the Department's service plan and ordered that the prior orders in the case to continue. Appendix, Attachment 6. The service plan was approved in subsequent orders of the court until trial was held in November of 2014. *See* Appendix, Attachment 7 (4/1/14) and Attachment 8 (11/11/14).

A bench trial commenced on November 11, 2014. RR-2 p. 1.

The first witness was Darrell, the father of DLD. RR-2 p. 14. He stated that DLD was seven years old. RR-2 p. 15. He also confirmed that DLD had been with him since July of 2014 and was progressing and doing well. RR-2 p. 14. Darrell stated that DLD had no behavioral or medical issues. RR-2 p. 15. DLD was doing well in school and scored over average in every subject but math. RR-2 p. 14.

Darrell stated he had been living with a woman for two and a half years and they had three children together of their own. RR-2 p. 15 and p. 18. He stated that DLD played with their three children and did well with them. RR-2 p. 14. Also, though Darrell was in Louisiana, he would bring DLD every other couple of weeks

6

to see his siblings. RR-2 p. 17-18. He stated he was willing to continue DLD's sibling relationship. RR-2 p. 17.

Darrell stated that DLD seldom asked about his mother. RR-2 p. 19. He stated since DLD was placed with him, his mother only contacted by placing a call for him on his birthday. RR-2 p. 19. The court confirmed visits were not cut off and she missed the last two Houston-based visits. RR-2 p. 20.

Darrell stated that he was employed at Burger King and had been working there as a shift manager for two years. RR-2 p. 15-16. He stated he wanted to be the sole managing conservator of DLD. RR-2 p. 16. He wanted the mother's parental rights terminated because there were previous instances where she took the child from him. RR-3 p. 17-18.

Bruce Jefferies, owner of National Screening Center and National Assessment Center, was the second witness to testify. RR-3 p. 7. He stated that he was the custodian of records for that Center. RR-3 p. 8. He noted there was a drug test showing the mother tested positive for cocaine in her hair, and a urinalysis that was clean. RR-3 p. 8 & 9. He stated Petitioner's 17 contained a positive test and it meant she ingested cocaine in her body. RR-3 p. 13. He could not say how much usage from the amount that showed up on the test, and noted it could be a two-time occurrence. RR-3 p. 13.

Bruce was asked to describe how she acted the prior Thursday when she came to the Center. RR-3 p. 9-10. He said she entered the office and began to curse loudly and used the F word several times. RR-3 p. 10. He stated it would not have been appropriate for children to be around that behavior and Bruce commented he was embarrassed for her. RR-3 p. 14.

The next witness was the mother JTD. RR-3 p. 20. She stated she was 28 years of age and the mother of the four subject children. RR-3 p. 20. She stated they had been in care since 2014. RR-3 p. 21. She stated that CPS actually got involved in her life in Montgomery County but the case was transferred to Harris County because she moved. RR-3 p. 21.

She acknowledged her children came into care because she was kicked out of a Women's homeless shelter in Montgomery County and had no other place to go. RR-3 p. 21. She acknowledged besides the Montgomery County Women's Shelter, she had lived at Star of Hope for 90 days. RR-3 p. 23. She stated she was in the Montgomery County Women's Shelter for two weeks, after staying at Star of Hope. RR-3 p. 24.

When her children were originally placed in CPS care it was in Montgomery County. RR-3 p. 24. She stated she moved to Houston even though her children were placed in Montgomery County, because she did not have any place to stay but with her foster mom in Houston. RR-3 p. 24. She acknowledged she still did not

8

have a safe and stable place to stay. RR-3 p. 25-26. She also acknowledged that while she put in an application to get housing on January 6 that was well over a year after her children came into care. RR-3 p. 26. She also acknowledged that she was not employed. RR-3 p. 27.

JTD acknowledged she was given a Family Plan of Service, reviewed it and signed it. RR-3 p. 28. She also acknowledged that it was explained to her that if she failed to complete her Family Plan of Service, her rights could be limited or terminated. RR-3 p. 29-30. She admitted she had not completed her Family Plan of Service. RR-3 p. 32.

In particular, she acknowledged she had not completed individual or family therapy. RR-3 p. 29-30. She also acknowledged she had not made all the visits to her children. RR-3 p. 30. However, she stated she completed parenting classes, a psychiatric and psychological assessment and saw the assessments. RR-3 p. 29.

JTD also stated she was self-employed, with a DBA ("Doing Business As") and was in sewing school at "Thimble Fingers." RR-3 p. 31. She stated she was not sure how long it would take to get her business on the ground but was working on a website and practicing. RR-3 p. 32. She acknowledged it was not fair to ask her children to wait for her to get a business going and stable housing and to be waiting all this time. RR-3 p. 38.

JTD stated she loved her children very much and realized the extreme importance of the Family Plan of Service. RR-3 p. 41. She confirmed she started her psychiatric in November and December and knew they were trying to help her, but she had not been back due to transportation. RR-3 p. 42. Namely, she claimed she did not have funds to pay anyone to take her back and forth. RR-3 p. 42. She stated she had a similar problem in participating in individual psychological counseling. RR-3 p. 44. Later she stated she had done the psychological and tried to make an appointment but they were full. RR-3 p. 44.

JTD stated she applied for jobs, but she had dyslexia and could not work at a restaurant. RR-3 p. 43. She stated job training would not help her because she could not keep up. RR-3 p. 45. She stated she came to visits with the children and would bring toys. RR-3 p. 44.

Later, when asked if she had refused to answer a question by the court about her living situation, she responded, "Because that's irrelevant." RR-3 p. 47. When asked if that was a "yes or a no" she admitted, "Yes." RR-3 p. 47.

JTD also acknowledged she failed to do things that did not require money. RR-3 p. 48. She acknowledged she tested positive for cocaine while this case was pending. RR-3 p. 33. She also acknowledged she had not taken all of her drug tests. RR-3 p. 33. She further acknowledged she was arrested for prostitution on November 22, 2014 and pled guilty. RR-3 p. 34.

10

JTD stated she moved from Louisiana in 2012. RR-3 p. 36. She stated the alleged father of JJS came to the house maybe three times. RR-3 p. 35-36. She stated she had contact with Rodney the alleged father of LLS for a month and the last time she heard from him was in Louisiana. RR-3 p. 36. She had contact with Charles for a couple of months but they were not together when she gave birth to her youngest child. RR-3 p. 37.

The next witness was the children's caseworker, John Gregory. RR-3 p. 49. John stated he had been on this case since Mid-October of 2014. RR-3 p. 73. He stated that JTD indicated she wanted her children back and would work hard to get them back. RR-3 p. 76. In that connection, John tried to help her get a job and housing. RR-3 p. 76.

Nevertheless, John observed she did not try hard while he was working this case and John believed she had been given ample time in the year and half while this case was pending to complete her services. RR-3 p. 79. Also, John noted she was somewhat uncooperative because while JTD told him she was living with someone, she did not provide her address where she was living. RR-3 p. 50and p. 81. John did not go to the address on their impact system because it was not her home. RR-3 p. 50.

John stated he provided JTD with resources where she could obtain suitable housing for her children, but, to his knowledge, she did not reach out to those

11

resources. RR-3 p. 50. He also provided her with resources for employment, but she never provided proof that she put in any applications anywhere or that she actively sought employment. RR-3 p. 51-52.

John stated he did not believe JTD successfully completed her Family Service Plan. RR-3 p. 55. He acknowledged JTD completed parenting classes, a psychiatric evaluation, a psychological evaluation and five sessions of individual counseling. RR-3 p. 52. However, she did not complete the individual counseling therapy, and did not obtain stable employment. RR-3 p. 52. She also was not consistent in her visiting until recently and only had three or four in recent months. RR-3 p. 53. He stated the case file indicates there were months when the mother had no contact with the Department. RR-3 p. 82. He stated just since he became the caseworker, she missed two or three of her visits with the children. RR-3 p. 82.

Moreover, when John observed visits between her and the children, he did not see that she exhibited anything she learned from parenting classes. RR-3 p. 53. John also noted that one of the children called her by her name rather than as "mom" and that showed a lack of bondage between them. RR-3 p. 54-55.

John also noted while drugs was not an issue when the case came in, it did become an issue while this case was pending in September when she tested positive for cocaine. RR-3 p. 55 & 57. In that connection, John noted she was not compliant with her drug tests. RR-3 p. 56. Although John asked her to take three

tests, she only took one the week before trial. RR-3 p. 56. In addition, JTD was arrested for prostitution while this case was pending. RR-3 p. 58. John stated that he did not discover that JTD had dyslexia until hearing it that day at trial and was unaware that she discussed any other medical conditions. RR-3 p. 77.

John stated he believed all of the children were in unstable living environment prior to coming into care. RR-3 p. 84. John stated that the oldest child seemed happy now that he was living with his father and was developmentally on target. RR-3 p. 62. He noted the case file indicated DLD was not potty trained and he had issues with ADHD and phobia and hallucinations throughout this case, but to his knowledge, he was doing good and a lot better in school. RR-3 p. 62 and p. 81. He also noted that the oldest child was still having visits with his three younger siblings. RR-3 p. 62.

John stated the three younger siblings were placed in the same foster home and had been there since December 18, 2014. RR-3 p. 63. Though it had only been a month, he commented he had seen a complete turnaround for them. RR-3 p. 83. For example, when the children first came in care they were all developmentally delayed. RR-3 p. 81. In particular, these children had potty training issues. RR-3 p. 64. Three of them were now potty trained. RR-3 p. 64.

John noted one of the children, LLS, has an issue with hearing and speech. RR-3 p. 63 and p. 81. Also, the youngest child has a clubfoot and there are also

13

concerns about her sight and a heart murmur. RR-3 p. 63. That child was referred for orthopedic surgery regarding her clubfoot as well as an opthamologist and cardiologist. RR-3 p. 63. The child, JJS, was observed to have average functioning with adjustment disorder and aggression. RR-3 p. 63. John stated the children's placement was catering to their special issues, medical issues, as well as all of their physical and emotional needs. RR-3 p. 64 and p. 83-84. John also stated despite the children's problems, the adoptive family wants to adopt all three of these children forever. RR-3 p. 64 and p. 84.

The next witness, Morgan Jackson, a volunteer with child advocates, testified that they had been appointed as ad litems in this case for the majority of the case. RR-3 p. 85. Morgan stated during a recent visit with the new placement, he observed that the kids bonded with their family and the biological children. RR-3 p. 86. He saw improvement in their communication skills and the foster mother said they are potty trained. RR-3 p. 86. Morgan stated he personally spent time alone with LLS and found he communicates well and seems to have improved in the new placement. RR-3 p. 86.

## SUMMARY OF ARGUMENT

Appellant's Brief raises two complaints in this appeal. The first complaint is about specific remarks made at trial that the brief claims show a lack of control, insensitivity and court decorum. The second complaint challenges the sufficiency

of the evidence to support the court's finding that parental termination is in the children's best interest. Neither complaint proves error at trial or basis for reversal.

With respect to the first complaint, this claim was not preserved. The mother's attorney made absolutely no complaint or suggestion at trial that the court was being disrespectful to his client or improper at trial and, therefore this complaint was not preserved for appellate review. Moreover, Appellant's Brief fails to prove anything was disrespectful or improper as alleged.

The brief first refers to questioning propounded upon the father of the oldest child concerning whether Whoppers or Texas Double Whoppers were served at the Burger King where he worked. The brief characterizes this as an example of silliness in the courtroom. Nevertheless, the brief fails to explain how that is silly when it was quite appropriate to ask the father questions to determine if he actually knew what was served at the Burger King where he claimed he worked.

In addition, the brief characterizes the judge's comment "that's bad luck" as a disrespectful in response to the mother's admission that she went to jail for prostitution during this case. However, again, the record does not prove that was disrespectful. Considering the situation, it was more than likely the court made that comment to let the mother know he was remorseful for her concerning that occurrence. Lastly, the brief refers to dialog in the record when the court was trying to tell the mother to listen to the question, but she kept interrupting the judge

15

and he finally stated, "Shut up." While the words "Shut up" are not a gentle way to tell a witness to be quiet, it is apparent the mother did not understand the court's attempts to get her to listen to the question. This in no way proves the court was being either disrespectful or lacking decorum. If anything it was the mother who was being discourteous and disrespectful by interrupting the judge.

In addition, with respect to the claim that there is legally and factually insufficient evidence to support the court's finding that termination was in the children's best interest, this claim is without merit. First, the predicate acts for parental termination were established conclusively as a matter of law under Subsections D, E and O and those grounds, not challenged in this appeal, supported the court's decision to terminate the mother's parental rights. Also, in that connection, the record was undisputed the mother committed negligent acts that resulted in her losing any means to care for her children, even with the assistance of shelters, and she not only failed to comply with the court's order for reunification, but also committed criminal acts involving illegal drug use and prostitution during this case, and by the time of trial had no employment or home for the children, though they had been in care for a year and a half.

In the meantime, the oldest child had been transition into the home of the man determined to be his father and was being well cared for. He also was able to continue contact with his other siblings who were also being well cared for by a

16

foster family that desired to adopt them. On these facts, the court had conclusive support for the decision to terminate the mother's parental rights. The judgment should be affirmed.

### ARGUMENTS AND AUTHORITIES

**REPLY POINT ONE:** **Nothing in the court's conduct during trial reflects error and does not provide a basis for reversal.**

The first claim in Appellant's Brief selects different questioning and comments made at trial to try and argue that the trial was so disrespectful and lacking in decorum as to support reversal of this case. Such claim is without merit.

First, this claim is not preserved. The rules of appellate procedure require complaints on appeal to be preserved by being presented with specific articulation to the trial court and with opportunity for the trial court to rule upon the complaint. *See* Tex. R. App. P. 33.1. As acknowledged by this court, that basic procedural requirement applies to parental termination cases. *M.M.V. v. Tex. Dept of Fam. & Prot. Servs.*, 455 S.W.3d 186, 190 (Tex. App.—Houston [1st Dist.] 2014. no pet.). Nevertheless, that did not occur in this case. Therefore, this point should be overruled as waived.

In addition, this claim is without merit. None of the instances cited in Appellant's Brief prove the trial court lacked proper decorum or was disrespectful. If anything, the record proves that JTD was the one who was disrespectful throughout these proceedings. For example, she admitted when she had been

17

asked during this case on numerous occasions where she was living she refused to answer to both the court and the caseworker. RR-3 p. 47. Also, when she was asked to admit she had refused to answer about her living situation to the court before, she tried to avoid admitting that fact by stating: "that's irrelevant." RR-3 p. 47. In addition, the owner of the drug center where JTD came to do a drug test the week before testified that she entered his office cursing loudly and using the F word several times. RR-3 p. 10. Considering these undisputed facts, it is easy to see who was actually disrespectful during these serious proceedings.

Moreover, the examples given in Appellant's Brief do not prove the disrespect and lack of decorum claimed. The brief first refers to questioning propounded upon the father of the oldest child concerning whether Whoppers or Texas Double Whoppers were served at the Burger King where he worked. Appellant's Brief at p. 31-32. The brief characterizes this as an example of silliness in the courtroom. Nevertheless, the brief fails to explain how that is silly when it was clear this was asked after the father stated he was employed in Louisiana at Burger King. RR-3 p. 16-17. Consequently, the questions were likely asked to confirm he was telling the truth about that employment, because those answers would show if he actually knew what was served at the restaurant where he worked.

In addition, the brief characterizes the judge's comment "that's bad luck" as a disrespectful comment in response to the mother's admission that she went to jail for prostitution during the pendency of this case. Appellant's Brief at p. 33. However, again, the record does not prove that was disrespectful. Considering the situation, it was more than likely the court made that comment to let the mother know he felt bad for her and was remorseful about this occurrence. Lastly, the brief refers to dialog in the record when the court was trying to tell the mother to listen to the question, but she kept interrupting the judge and he finally stated, "Shut up." Appellant's Brief at p. 34. While the words "Shut up" are not gentle and not the usual way a judge tells a witness to be quiet, this may have been necessary under the circumstances. It is apparent the mother kept talking even though the court tried to get her to listen. The court may have found no other way to help her understand the importance of listening when so instructed by the court. This in no way proves the court was being either disrespectful or lacking decorum. If anything it was the mother who was being discourteous and disrespectful by interrupting the judge.

Just as an appellate court is not supposed to speculate that an attorney was ineffective when the record does not explain why the attorney did or did not do something, this court should not speculate that the trial judge was being inappropriate and disrespectful when there is no explanation of what the court's

motivations were or what the court perceived were necessary actions to maintain decorum and proper procedure. *See P.W. v. Dept. of Fam. & Prot. Servs.,* 403 S.W.3d 471, 476 (Tex. App.—Houston [1st Dist.] 2013, pet. dism'd w.o.j.). In fact, as in the review of a claim of ineffective assistance, this court should indulge a strong presumption that the judge's conduct fell within the wide range of reasonable professional decorum, including the possibility it was strategic to move the proceedings along in a respectful and appropriate direction. *Id.* The deficiencies listed in Appellant's Brief not only require this court to speculate, but hardly can be described as inappropriate, and, as such do not constitute actions that could warrant reversal under the standards provided at Tex. R. App. P. 44.1. This first point should be overruled.

**REPLY POINT TWO: The evidence sufficiently supported the court's findings for termination of JTD's parental rights.**

### 1. The Claims, the Law and Standard of Review

Parental rights can be terminated upon proof by clear and convincing evidence that (1) the parent committed an act prohibited by section 161.001(1) of the Family Code; and (2) that termination is in the best interest of the child. Tex. Fam. Code Ann. § 161.001(1), (2) (West 2014); *In re J.O.A.,* 283 S.W.3d 336, 344 (Tex. 2009). The trial court's judgment in this case found the mother (JTD) committed the predicate acts described at subsections D, E, and O of section

20

161.001(1) of the Family Code and that parental termination was in the children's best interest. CR 87-88.

JTD does not challenge the court's findings that she committed the predicate acts described at Subsections D, E and O of Section 161.001(1) of the Family Code in support of parental termination. She only challenges the finding in support of the court's decision that parental termination was in the children's best interest. Moreover, she does not challenge the portion of the judgment with the findings supporting the appointment of the Department as the sole managing conservator of the three younger children and Darrell as the sole managing conservator of the oldest child. The findings that are not challenged in this appeal, are important to the scope of this court's review because unchallenged findings are binding on the appellate court. *See In re E.A.F.*, 424 S.W.3d 742, 750 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

In evaluating this appeal, it is acknowledged involuntary termination of parental rights is a serious matter implicating fundamental constitutional rights. *Holick v. Smith*, 685 S.W.3d 18, 20 (Tex. 1985). However, it is also acknowledged that a child's emotional and physical interests cannot be sacrificed merely to preserve that right. *See In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002).

To address the seriousness of this claim, the Family Code imposes a heightened standard of proof at trial described as "clear and convincing." *See* Tex.

Fam. Code Ann. §161.001 (West 2008). The Family Code also specifically defines that standard to mean "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." Tex. Fam. Code An. §101.007 (West 2014).

The heightened standard of proof at trial requires an appellate court to consider that standard when reviewing challenges to the sufficiency of the evidence. *See In re C.H.,* 89 S.W.3d at p. 25 (Tex. 2002) ("burden of proof at trial necessarily affects appellate review of the evidence."); *In the Interest of J.F.C.,* 96 S.W.3d 256, 265-66 (Tex. 2002). In that connection, both legal and factual sufficiency challenges consider the standard of proof for clear and convincing evidence by considering whether the evidence is such that a fact-finder could reasonably form a firm belief or conviction about the truth of the State's allegations. *See In re C.H.*, 89 S.W.3d at p. 25 (Tex. 2002); *In re J.F.C.,* 96 S.W.3d at pp. 265-66; Tex. Fam. Code Ann. 101.007 (West 2014).

In *In re J.F.C.* the Supreme Court explained, in light of the identical inquiries made to the clear and convincing standard, the distinction between legal and factual sufficiency when the burden of proof is clear and convincing evidence may be a fine one in some cases, but clarified that there is a distinction in how the evidence is reviewed. 96 S.W.3d at p. 266. The court explained that in a legal sufficiency review, a court should look at all of the evidence in the light most

favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true, giving appropriate deference to the trier of fact. Id. In a factual sufficiency review, a court of appeals must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing and with respect to disputed evidence, a court should consider whether the disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. Id. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient. 96 S.W.3d at pp. 266-67.

**2. There was sufficient proof for the trier of fact's finding that termination was in the children's best interest considering the evidence in support of Subsections D, E and O, and particularly, the proof that the mother had a pattern of neglect, and engaged in illegal drug and prostitution activities after the children came into care demonstrating her lack of commitment to the parent-child relationship.**

A strong presumption exists that the best interest of the child is served by keeping the child with its natural parent. *In re U.P.,* 105 S.W.3d 222, 230 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Nevertheless, when children come into care because a parent is neglectful to their basic needs, the parental presumption cannot prevail over their safety. In that connection, Section 263.307(a) provides a prompt and permanent placement of the child in a safe

environment is presumed in a child's best interest. Tex. Fam. Code Ann. § 263.307(a) (West 2014). Section 263.307(b) of the Family Code lists a number of factors a court may consider in deciding a parent's willingness to provide a child with a safe environment and, those factors consider issues such issues as parental drug use and the willingness to cooperate with the Department for reunification, factors relevant in this case. Tex. Fam. Code Ann. 263.307(b) (8) & (10).

In addition, the Supreme Court has articulated a number of factors that can also be considered in determining the best interest of the child. Those factors include: (1) the desires of the child; (2) the present and future physical and emotional needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the persons seeking custody; (5) the programs available to assist those persons seeking custody in promoting the best interest of the child; (6) the plans for the child by the individuals or agency seeking custody; (7) the stability of the home or proposed placement; (8) acts or omissions of the parent which may indicate the existing parent-child relationship is not appropriate; and (9) any excuse for the parent's acts or omissions. *Holley v. Adams,* 544 S.W.2d 367, 371–72 (Tex.1976); *In re U.P.,* 105 S.W.3d at 230.

### **Needs and Dangers**

As already discussed, Appellant's Brief does not challenge the court's finding in support of Subsections D, E and O, and, as such, are binding in this

24

court's review. *See I.K.B. Ind. (Nigeria) Ltd. v. Pro Line Corp*., 938 S.W.2d 440, 445 (Tex. 1997). The unchallenged findings of Subsections D, E and O involve findings that the parent endangered the children by allowing them to remain in dangerous conditions, engaging in conduct that jeopardized their well-being, and warranted removal of the children for abuse or neglect under Chapter 262 of the Family Code. Tex. Fam. Code Ann. §161.001(1) (West 2008). Those findings likely were not challenged, because the evidence was largely undisputed in support of those findings.

Namely, as stated in the risks summarized in Department's Family Service Plan, JTD had no place for her children at the time of removal because she had been kicked out of the shelter where she was staying due to inappropriate violence between her and her sister. RR-5 pp. 37-38. In this connection, it was noted the children were exposed to family arguments, bullying, name calling and physical fights, and that two of the children were in need of some form of surgery. *Id.* It also appeared that JTD had some form of undiagnosed mental issue. *Id.* The family appeared to have no support system, and had been homeless for a while with no job. *Id.* Also, the oldest child, though of school age, had not been to school, and two of the children had medical needs that had not been resolved. *Id.* Under these undisputed facts, the court had more than sufficient evidence to find conclusively that the mother had placed her children in a dangerous circumstances,

committed endangering acts that had the effect of endangering them and that her neglect of these children's basic needs warranted removal under Chapter 262 of the Family Code.

Moreover, JTD neglectful behaviors that endangered her children and required their removal at the beginning of this case did not get better after this case was filed. JTD admitted she did not complete her court ordered family service plan, including tasks she acknowledged did not require money. RR-3 pp. 32 and 48. She also acknowledged she tested positive for cocaine and did not take all her required drug tests. RR-3 p. 33. She also admitted she was arrested for prostitution on November 22, 2014 and pled guilty. RR-3 p. 34. Also, by the day of trial, a year and a half after these children came into care, she admitted she was not employed and still did not have a stable and safe place to stay. RR-3 p. 25-26 and p. 27. Such facts proved conclusively that her neglectful behavior that endangered her children and required their removal a year and a half earlier was not only ongoing but even more neglectful with the addition of her criminal activities.

Under Section 263.307(b) of the Family Code, a court can consider whether a parent has demonstrated willingness to effect positive environmental and personal changes within a reasonable amount of time to address unsafe issues. Tex. Fam. Code Ann. §263.307(b)(11) (West 2014). In this case, she did not. Consequently, the court had sufficient basis to conclude that JTD's inappropriate

neglect and illegal activities that she performed after this case was filed would likely continue; meaning she lacked either ability or willingness to provide a safe and stable home for the children. This provided sufficient support for the court's finding that parental termination was in the children's best interest.

## 2. Stability and Compliance with Services

As already discussed the evidence is undisputed that ALT failed to comply with her service plan. This evidence supports the court's best interest finding. *See In re C.H.*, 89 S.W.3d at 27-28; *See In re E.C.R.*, 402 S.W.3d 239, 249 (Tex. 2013) (noting reasons supporting finding under Subsection O may also support best interest finding.). This is particularly true considering JTD acknowledged she reviewed and signed the court ordered service plan, and knew her parental rights could be terminated if she failed to complete it. RR-3 p. 28-30. Rather than doing what was necessary to reunify, however, she involved herself in illegal activities and made no improvements in her housing or job situation. On this evidence, the court had sufficient basis to find parental termination was in the children's best interest.

## 3. Child's Desires and Proposed Placement

JTD stated she loved her children. RR-3 p. 41. Nevertheless, there is no evidence these children had a strong bond with her. In that regard, it was telling that the oldest child seldom asked about her, and that JTD only contacted that child

by phone once on his birthday while he was placed with his father. RR-2 p. 19. The caseworker also noted that one of the children called JTD by her name rather than as "mom" and commented that showed a lack of bondage between them. RR-3 p. 54-55. There is no evidence of how the other two children felt about JTD.

What is known, however, is that all of the children were in an unstable living situation prior to coming into care. RR-3 p. 84. None of the children were potty trained, including the oldest child (DLD) who was about five years of age at the time of removal. RR-3 p. 64, pp. 80-81. It was noted that all of the children improved after coming into care and the three older children became potty trained. RR-3 p. 64.

Further, while the oldest child came into care with issues of ADHD, phobia and hallucinations, he was doing good and a lot better in school by the time of trial. RR-3 p. 62 and p. 81. He was placed with his biological father for many months, taken off psychotropic medication, and seemed to be thriving. RR-3 p. 61. He was observed as being happy with his father and developmentally on target. RR-3 p. 62.

The caseworker John stated the three younger siblings were placed in the same foster home and had been there since December 18, 2014. RR-3 p. 63. Though they had only been there a month, he commented that they made a complete turnaround. RR-3 p. 83. He stated the children's placement was catering

to their special issues, medical issues, as well as all of their physical and emotional needs. RR-3 p. 64 and p. 83-84. John also stated despite the children's problems, the adoptive family wanted to adopt all of them forever. RR-3 p. 64 and p. 84. In conclusion, the record in this case confirms sufficient evidence supporting the best interest finding based on the proof that there was a good plan for their care and permanency that appeared necessary in light of the mother's failure to change her neglectful behaviors. *See In re S.B.*, 207 S.W.3d 877, 887–88 (Tex. App.—Fort Worth 2006, no pet.) (considering the parent's drug use, inability to provide a stable home, and failure to comply with a family service plan in holding the evidence supported the best interest finding).

It is acknowledged that the mother gave excuses for her lack of progress testifying she had problems because of dyslexia and a lack of funds to travel to services. Nevertheless, there is no evidence from a medical expert establishing she had a diagnosis of "dyslexia," or whether that condition could have actually impeded her from getting a job as she was suggesting. The trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be given testimony, and, as such, it was the trial court's discretion to determine whether JTD was really telling the truth about her claimed limitations. *Earvin v. Dept. of Fam. & Prot. Servs.,* 229 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Moreover, dyslexia and low cash flow does not excuse JTD's inappropriate use of the f-word several times at the drug testing center less than a week before trial that was found to be inappropriate conduct around children. RR-3 p. 10 and 14. It also did not excuse her decision several times during these proceedings to refuse to answer the court or the caseworker when asked about her current address. RR-3 p. 47. It also does not explain why she was violent with her sister or why she decided to engage in prostitution and cocaine use during this case. RR-3 p. 13, 34, & pp. 37-38; Consequently, a trier of fact had more than sufficient basis to conclude her excuses had no weight of significance to outweigh the evidence in support of the court's finding that parental termination was in the children's best interest. The judgment should be affirmed.

WHEREFORE, PREMISES CONSIDERED, the Department requests that this court affirm the trial court's judgment and for such other and further relief to which it may be entitled in law or in equity.

Respectfully submitted,

VINCE RYAN
COUNTY ATTORNEY


By: */s/ Sandra Hachem*
**Sandra Hachem State Bar 08667060**
Sr. Assistant County Attorney
1019 Congress, 17th Floor
Houston, Texas 77002
Phone: 713/274-5293; Fax: 713/437-4700

Email: sandra.hachem@cao.hctx.net
Attorney for Appellee,
Department of Family & Protective Services

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of June, 2015 a true and correct copy of the foregoing brief was sent to all parties to this appeal by sending a copy by electronic transmission to the Appellant (JTD) care of her attorney of record, Donald Crane at donmcrane@gmail.com, and a copy was also sent to the Attorney ad Litem for the Children, Susan Solis, to her fax number at 281/317-9908.

*/s/ Sandra Hachem*
Sandra Hachem

## CERTIFICATE OF WORD COUNT COMPLIANCE

This is to certify, pursuant to Tex. R. App. P. 9.4(i)(3), that the foregoing computer generated brief consists of no more than 15,000 words, excluding the caption, identify of parties and counsel, table of contents, index of authorities, statement of the case, statement of issues presented, statement of procedural history, signature, proof of service, certification, certificate of compliance and appendix. Relying on the word count of the computer program used to prepare this document, the number of words, subject to count under the rules, is 7,909 words.

*/s/ Sandra Hachem*
Sandra Hachem

_____

IN THE COURT OF APPEALS FOR THE
FIRST JUDICIAL DISTRICT OF TEXAS AT HOUSTON
_____

In the Interest of D.L.D., L.L.S., J.J.S., H.N.S., Children
_____

J.T.D. [mother], Appellants
v.
Department of Family & Protective Services, Appellee
_____

On appeal from the 313th Judicial District
of Harris County, Texas; No. 2013-05778J

## **APPENDIX**

**Order for Protection of a Child in an Emergency**
**(signed July 18, 2013 – image #59475366)…………..Attachment 1**

**Temporary Order Following Adversary Hearing**
**(signed July 30, 2013 – image #59475375)…………..Attachment 2**

**Supplemental Order to Appear and Warnings**
**(signed July 30, 2013 – image #59475376)…………..Attachment 3**

**Status Hearing Order**
**(signed September 11, 2013 – image #59475405)……Attachment 4**

**Order on Motion to Transfer**
**(signed October 7, 2013 – image #59475363)……........Attachment 5**

**Permanency Hearing Order**
**(signed December 10, 2013 – image #59008416)……..Attachment 6**

**Permanency Hearing Order**
**(signed April 1, 2014 – image #60340390) ……………Attachment 7**

**Permanency Hearing Order**
**(signed November 11, 2014 – image #63354474)…………..Attachment 8**

**Tab 1**
**Order for Protection of a Child in an Emergency**
**(signed July 18, 2013 – image #59475366)**

CAUSE NO. 13-07-07616-CV



IN THE INTEREST OF

D___ L___ D___
L___ S___
J___ S___
H___ S___

§
§
§
§
§
§
§
§
§

IN THE DISTRICT COURT OF

CC#3

MONTGOMERY COUNTY, TEXAS

CHILDREN

_____ JUDICIAL DISTRICT

## ORDER FOR PROTECTION OF A CHILD IN AN EMERGENCY AND NOTICE OF HEARING

On July 18, 2013, the Department of Family and Protective Services ("the Department") presented its Petition to the Court. The Department appeared through **DONNA BROWDER**, caseworker, and by attorney.

1. **Jurisdiction**

Having examined the pleadings and reviewed the evidence, the Court finds that it has jurisdiction of this cause under § 262.002, Texas Family Code.

2. **Findings**

2.1. Having examined and reviewed the evidence, including the sworn affidavit accompanying the petition and based upon the facts contained therein, the Court finds that all reasonable efforts, consistent with time and circumstances have been made by the Petitioner to prevent or eliminate the need for removal of the children the subject of this suit from the home and to make it possible for the children to return home but continuation in the home would be contrary to the children's welfare.

2.2. The Court finds that the children have been removed pursuant to § 262.104, Texas Family Code, and further finds that:

2.2.1. there is a continuing danger to the physical health or safety of the children if the children are returned to the parent, managing conservator, possessory conservator, guardian, caretaker, or custodian who is presently entitled to possession of the children;

2.2.2. Continuation of the children in the home would be contrary to the children's welfare; and

2.2.3. Reasonable efforts consistent with the circumstances and providing for the safety of the children, were made to prevent or eliminate the need for removal of the children.

2.3.    The Court finds that the written notice to the Mother, whose whereabouts are unknown, of removal under § 262.109 of the Texas Family Code, should be, and is hereby waived as provided by that section.

2.4.    The Court finds that the following temporary orders are in the best interests of the children the subject of this suit.

## 3.    Emergency Temporary Orders

3.1.    **IT IS ORDERED** that the Department is named temporary sole managing conservator of the children, with all of the rights and duties listed in § 153.371, Texas Family Code, including the right of physical possession until a full adversary hearing is held.

3.2.    **IT IS ORDERED** that, in addition to the rights and duties listed in § 153.371, Texas Family Code, the Department is authorized to consent to medical care for the subject children, pursuant to § 266.004, Texas Family Code, until a full adversary hearing is held.

3.3.    **IT IS ORDERED** that each parent, alleged father, or relative of the children before the Court to provide to the Department and the Court the full name and current address or whereabouts and phone number of any absent parent or alleged father of the children the subject of this suit, pursuant to Rule 194, Texas Rules of Civil Procedure and §262.201, Texas Family Code.

3.4.    **IT IS ORDERED** that each parent, alleged father, or relative of the children before the Court submit the Child Placement Resources Form provided under § 261.307, if the form has not previously been provided (in effect for adversary hearings that occur on or after November 1, 2005) and provide to the Department and the Court the full name and current address or whereabouts and phone number of any relative of the children the subject of this suit with whom the Department may place the children during the pendency of this suit, pursuant to Rule 197, Texas Rules of Civil Procedure, and § 262.201, Texas Family Code.

3.5.    **IT IS ORDERED** that each parent of the children the subject of this suit furnish to the Department and the Court information sufficient to accurately identify that parent's net resources and ability to pay child support along with copies of income tax returns for the past two years, any financial statements, bank statements, and current pay stubs, pursuant to Rule 196, Texas Rules of Civil Procedure and § 154.063, Texas Family Code.

3.6.    **IT IS ORDERED** that each parent of the children the subject of this suit provide to the Department and the Court evidence of health insurance available for the children, pursuant to Rule 196, Texas Rules of Civil Procedure and § 154.182, Texas Family Code.

3.7.    **IT IS ORDERED** that each Respondent provide the Department and the Court information sufficient to establish the parentage and immigration status of the

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475366 - Page 2 of 5

"Certified as to certification on signature page"

children, including but not limited to marriage records, birth or death certificates, baptismal records, social security cards, records of lawful permanent residence ("green cards"), naturalization certificates, and any other Bureau of Citizenship and Immigration Service records of lawful entry.

3.8.   **IT IS ORDERED** that each Respondent furnish to the Department all information necessary to ensure the Department has an adequate medical history for the children, including but not limited to the immunization records for the children and the names and addresses of all physicians who have treated the children.

3.9.   **IT IS ORDERED** that all of the information required above be provided as ordered no later than the date of the full adversary hearing held in this cause.

## 4.     Full Adversary Hearing

A full adversary hearing under § 262.201, Texas Family Code will be held at the time and place set out below.   At this hearing, the Court will consider issuing the following temporary orders:

4.1.   a provision appointing the Department temporary sole managing conservator of the children, with all of the rights and duties listed in § 153.371, Texas Family Code, pending the final disposition of this suit;

4.2.   an authorization of the Department to consent to medical care for the subject children, pursuant to § 266.004, Texas Family Code;

4.3.   a provision pursuant to § 154.001(b), Texas Family Code, ordering the parents of the children to make payments for the temporary support of the children, pending final disposition of this suit, these child support payments to be withheld from their disposable earnings;

4.4.   a provision restricting each parent's possession and access to the children the subject of this suit;

4.5.   a provision ordering the parents of the children to submit to psychological or psychiatric examinations;

4.6.   a provision ordering the parents of the children to attend counseling sessions to address the specific issues that led to the removal of the children from the home and to attend counseling sessions to address any additional issues arising from the psychological examinations or from the counseling sessions;

4.7.   a provision ordering the parents of the children to attend parenting classes as requested by the Department;

4.8.   a provision ordering the Respondents to submit to a drug and alcohol assessment and to complete a substance abuse treatment program if needed;

"Certified as to certification on signature page"

4.9.  a provision ordering the parents of the children to comply with each requirement set out in the Department's original, or any amended, service plan during the pendency of this suit, as provided by §§ 263.106 and 153.602, Texas Family Code;

4.10.  a provision ordering the Respondents to provide the Court and the Department with a current residence address and telephone number, at which each can be contacted;

4.11.  a provision ordering the Respondents to notify the Court and the Department of any change in his or her residence address or telephone number within five (5) days of a change of address or telephone number;

4.12.  a provision pursuant to § 107.013(a)(1), Texas Family Code, appointing an attorney *ad litem* to represent the interests of each indigent parent who responds in opposition to this suit affecting the parent-child relationship;

4.13.  a provision ordering Respondents **D_____ D_____**, **R_____ S____**, **T__ H_____**, **C_____ S_____** and **J_____ T_____ S____** to execute an authorization for the release of RESPONDENTS medical and mental health records to the Department, and to further provide the Department with a list of the names and addresses of the physicians and mental health providers who have treated Respondents.

## 5.  Ad litem Appointments

5.1.  The Court finds that appointment of an attorney *ad litem* for the children is mandatory under § 107.012, Texas Family Code. **IT IS ORDERED** that <u>CASA</u>, is appointed to represent the children the subject of this suit in a manner as set forth in §§ 107.003 and 107.004, Texas Family Code.

5.2.  The Court finds that appointment of an attorney ad litem for the Respondents may be mandatory under § 107.013, Texas Family Code. **IT IS ORDERED** that Respondents appear at the adversary hearing with all pertinent information, including an affidavit of indigence as mandated in section 107.013(d), Texas Family Code, regarding Their income. Upon a showing of indigency and opposition to the suit affecting the parent-child relationship a licensed attorney at law of this state will be appointed to represent Respondents.

## 6.  Access to children and Information Relating to the children.

6.1.  **IT IS ORDERED** that except as provided in § 107.006(c) of the Texas Family Code, the attorney *ad litem* for the children, or guardian ad litem for the children herein named and appointed by the Court shall have immediate access to:

6.1.1.  the children, **D_____ L_ D_____**, **L_____ S____**, **J_____ S_____ AND H_____ S____**; and

"Certified as to certification on signature page"

6.1.2. any information relating to the children, D█████ L█████ D█████████, L█████ S██████, J██████ S████████ AND H█████████ S███████.

6.2. Without requiring a further order or release, the custodian of any relevant records relating to the children, D█████ L█ D█████████, L██████████ S███████, J██████ S███████ AND H█████████ S███████, including records regarding social services, law enforcement records, school records, records of a probate or court proceeding, and records of a trust or account for which the children are a beneficiary, shall provide access to the attorney *ad litem* for the children, or guardian *ad litem* for the children herein named and appointed by the Court to access the records under § 107.006(a) of the Texas Family Code.

6.3. A medical, mental health, or drug or alcohol treatment record of a child that is privileged or confidential under law may be released to the attorney *ad litem* for the children, or guardian *ad litem* for the children herein named and appointed by the Court only in accordance with the other law, pursuant to § 107.006(c), Texas Family Code.

**7. Notice of Full Adversary Hearing:**

**Notice is given to Respondents D█████ D█████████, R███████ S██████, T████ H███████, C███████ S█████████ and J██████ T███ S███████ that this cause is set for a full adversary hearing on <u>July 30, 2013 at 8:30 o'clock</u> a.m. in the East Texas CPS Cluster Court of Montgomery County, in Conroe, Texas.**

SIGNED this __18th__ day of __July_____, 2013.



JUDGE PRESIDING

**APPROVED AS TO FORM:**

John Lockwood/Sarah Stallberg/Debbie Garcia
Attorney for Petitioner, Department of Family and Protective Services
207 W. Phillips, First Floor/Texas Department of Family and Protective Services
Conroe, Texas 77301
*phone:* (936) 539-7828
*fax:* (936) 760-6920
State Bar # __24041352__

I, Barbara Gladden Adamick, do hereby Certify 5 pages in Cause # 13-07-07616-CV as being a true and correct copy of the Original Record now on file in the District Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas On This the 14th Day of October 2013

By: _____, Deputy

_____ / _____



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   June 18, 2015

Certified Document Number:        59475366 Total Pages:  5

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**Tab 2**
**Temporary Order Following Adversary Hearing**
**(signed July 30, 2013 – image #59475375)**

CAUSE NO. 13-07-07616



IN THE INTEREST OF

§
§
§
§
§
§
§
§
§
§
§
§

IN THE DISTRICT COURT OF

MONTGOMERY COUNTY, TEXAS

313th

CCL3 JUDICIAL DISTRICT

**D\_\_\_\_ L\_ D_____**
**L\_\_\_\_ S_____**
**J\_\_\_\_ S_____**
**H\_\_\_\_ S\_\_\_\_**

**CHILDREN**

Chris Daniel
District Clerk

OCT 18 2013

Time: 10-18-13

Harris County, Texas

By _____
Deputy

## TEMPORARY ORDER FOLLOWING ADVERSARY HEARING

On July 30, 2013, a full adversary hearing pursuant to § 262.205, Texas Family Code, was held in this cause.

1.      **Appearances**

1.1.    The Department of Family and Protective Services ("the Department") appeared through **AMY LOGGINS**, caseworker, and by attorney, **JOHN LOCKWOOD/SARAH STALLBERG/DEBBIE GARCIA** and announced ready.

1.2.    Respondent Alleged Father **D\_\_\_\_ D_____**, father of **D\_\_\_\_ L\_ D_____**

☐ appeared in person and announced ready.
☐ appeared through attorney of record _____ and announced ready.
☐ appeared in person and through attorney of record _____ and announced ready.
☐ waived issuance and service of citation by waiver duly filed.
☐ agreed to the terms of this order as evidenced by signature below.
☐ although duly and properly notified, did not appear and wholly made default.
☑ was not notified, and did not appear.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

For Official Governmental Use Only - Do Not Disseminate to the Public: 594753375 - Page 1 of 20

1.3.    Respondent Alleged Father **R\_\_\_\_ S\_\_\_\_**, father of **L\_\_\_\_ S\_\_\_\_**

☐ appeared in person and announced ready.
☐ appeared through attorney of record _____ and announced ready.
☐ appeared in person and through attorney of record _____ and announced ready.
☐ waived issuance and service of citation by waiver duly filed.
☐ agreed to the terms of this order as evidenced by signature below.
☐ although duly and properly notified, did not appear and wholly made default.
☑ was not notified, and did not appear.

1.4.    Respondent Alleged Father **T\_\_\_\_ H\_\_\_\_**, father of **J\_\_\_\_ S\_\_\_\_**

☐ appeared in person and announced ready.
☐ appeared through attorney of record _____ and announced ready.
☐ appeared in person and through attorney of record _____ and announced ready.
☐ waived issuance and service of citation by waiver duly filed.
☐ agreed to the terms of this order as evidenced by signature below.
☐ although duly and properly notified, did not appear and wholly made default.
☑ was not notified, and did not appear.

1.5.    Respondent Alleged Father **C\_\_\_\_ S\_\_\_\_**, father of **H\_\_\_\_ S\_\_\_\_**

☐ appeared in person and announced ready.
☐ appeared through attorney of record _____ and announced ready.
☐ appeared in person and through attorney of record _____ and announced ready.
☐ waived issuance and service of citation by waiver duly filed.
☐ agreed to the terms of this order as evidenced by signature below.
☐ although duly and properly notified, did not appear and wholly made default.
☑ was not notified, and did not appear.

*"Certified as to certification on signature page"*

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475375 - Page 2 of 20

1.6. Respondent Mother **J‌████ T‌████ S‌████**

☐ appeared in person and announced ready.
☐ appeared through attorney of record _____ and announced ready.
☑ appeared in person and through attorney of record
   _Adam Dietrich_ and announced ready.
☐ waived issuance and service of citation by waiver duly filed.
☐ agreed to the terms of this order as evidenced by signature below.
☐ although duly and properly notified, did not appear and wholly made default.
☐ was not notified, and did not appear.

1.7. **CASA** appointed by the Court as Guardian Ad Litem of the children the subject of this suit,
☑ appeared and announced ready.
☑ agreed to the terms of this order as evidenced by signature below.
☐ although duly and properly notified, did not appear.

1.8. **STEPHANIE HALL**, appointed by the Court as Attorney Ad Litem of the children the subject of this suit,
☑ appeared and announced ready.
☑ agreed to the terms of this order as evidenced by signature below.
☐ although duly and properly notified, did not appear.

1.9. Also Appearing _____
_____
_____
_____

## 2. Jurisdiction

The Court, after examining the record and hearing the evidence and argument of counsel, finds that all necessary prerequisites of the law have been satisfied and that this Court has jurisdiction of this case and of all the parties.

## 3. Findings

3.1. Having examined and reviewed the evidence, including the sworn affidavit accompanying the petition and based upon the facts contained therein, the Court finds there is sufficient evidence to satisfy a person of ordinary prudence and caution that: (1) there was a danger to the physical health or safety of the children which was caused by an act or failure to act of the person entitled to possession and for the children to remain in the home is contrary to the welfare of the children; (2) the urgent need for protection required the immediate removal of the children and reasonable efforts consistent with the circumstances and providing for the safety of the children, were made to eliminate or prevent the children's removal; and (3) reasonable efforts have been made to enable the children to return home, but there is a substantial risk of a continuing danger if the children are returned home.

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475375 - Page 3 of 20

"Certified as to certification on signature page"

### 3.2. Findings for Appointment of Managing and Possessory Conservator

3.2.1. The Court finds that appointment of the parent or parents as managing conservator of the children is not in the best interest of the children because the appointment would significantly impair the children's physical health or emotional development.

3.2.2. The Court finds that it is in the best interest of children to limit the rights and duties of each parent appointed as possessory conservator.

3.2.3. The Court finds that it is in the best interest of children to limit the rights and duties of each parent appointed as possessory conservator.

3.2.4. The Court finds that it is in the best interest of children to limit the rights and duties of each parent appointed as possessory conservator.

3.2.5. The Court finds that it is in the best interest of children to limit the rights and duties of each parent appointed as possessory conservator.

3.2.6. The Court finds that it is in the best interest of children to limit the rights and duties of each parent appointed as possessory conservator.

3.3. The Court finds that the following orders for the safety and welfare of the children are in the best interest of the children.

## 4. Appointment of Counsel for Parents or Parties

4.1. The Court finds that **D██████ D███████** is a parent who has responded in opposition to the suit affecting the parent-child relationship, but that **D██████ D███████** is not indigent. Therefore, no attorney *ad litem* is appointed to represent the interests of this parent.

4.2. The Court finds that **R██████ S████** is a parent who has responded in opposition to the suit affecting the parent-child relationship, but that **R██████ S████** is not indigent. Therefore, no attorney *ad litem* is appointed to represent the interests of this parent.

4.3. The Court finds that **T████ H███████** is a parent who has responded in opposition to the suit affecting the parent-child relationship, but that **T█████ H██████** is not indigent. Therefore, no attorney *ad litem* is appointed to represent the interests of this parent.

4.4. The Court finds that **C███████ S███████** is a parent who has responded in opposition to the suit affecting the parent-child relationship, but that **C███████ S███████** is not indigent. Therefore, no attorney *ad litem* is appointed to represent the interests of this parent.

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475375 - Page 4 of 20

"Certified as to certification on signature page"

4.5. The Court finds that J████ T████ S████ is a parent who has responded in opposition to the suit affecting the parent-child relationship, but that J████ T████ S████ is not indigent. Therefore, no attorney *ad litem* is appointed to represent the interests of this parent.

## 5. Conservatorship

5.1. **IT IS ORDERED** that the Department of Family and Protective Services is appointed Temporary Managing Conservator of the following children:

5.1.1. Name: D████ L█ D████
Sex: Male
Birthplace: Crowley, LA
Birth Date: ████
Indian Child Status: No

5.1.2. Name: L████ S████
Sex: Male
Birthplace: Crowley, LA
Birth Date: ████
Indian Child Status: No

5.1.3. Name: J████ S████
Sex: Male
Birthplace: Crowley, LA
Birth Date: ████
Indian Child Status: No

5.1.4. Name: H████ S████
Sex: Female
Birthplace: Crowley, LA
Birth Date: ████
Indian Child Status: No

5.2. **IT IS ORDERED** that the Temporary Managing Conservator shall have all the rights and duties set forth in § 153.371, Texas Family Code.

5.2.1. **IT IS ORDERED** that, in addition to the rights and duties listed in § 153.371, Texas Family Code, the Department is authorized to consent to medical care for the subject children, pursuant to § 266.004, Texas Family Code.

Or

**IT IS ORDERED** that **CPS OR APPROVED CAREGIVER** is authorized to consent to medical care for the subject children, pursuant to § 266.004(b)(1), Texas Family Code. This authorization is limited to the provision of medical care services provided by the Medicaid program. At

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475375 - Page 5 of 20

_____ / _____

ASAP 11

"Certified as to certification on signature page"

the request of the Department, the named individual shall provide to the Department a written summary of the medical care provided to the subject children since the last hearing.

5.3.    **IT IS THEREFORE ORDERED** that **D████ D████████** is appointed Temporary Possessory Conservator of the child, , with the limited rights and duties set forth in **Attachment A.**

5.4.    **IT IS THEREFORE ORDERED** that **R█████ S█████** is appointed Temporary Possessory Conservator of the child, , with the limited rights and duties set forth in **Attachment A.**

5.5.    **IT IS THEREFORE ORDERED** that **T███ H██████** is appointed Temporary Possessory Conservator of the child, , with the limited rights and duties set forth in **Attachment A.**

5.6.    **IT IS THEREFORE ORDERED** that **C██████ S█████████** is appointed Temporary Possessory Conservator of the child, , with the limited rights and duties set forth in **Attachment A.**

5.7.    **IT IS THEREFORE ORDERED** that **J█████ T██████ S███████** is appointed Temporary Possessory Conservator of the children, **D████ L██ D████████, L███████ S█████, J██████ S█████ and H████████ S████,** with the limited rights and duties set forth in **Attachment A.**

6.    **Possession and Access**

The Court finds that the application of the guidelines for possession of and access to the children, as set out in Subchapter F, Chapter 153, Texas Family Code, is not in the children's best interest. **IT IS ORDERED** that **D██████ D████████** shall have limited access to and possession of the children as set forth in **Attachment A.**

The Court finds that the application of the guidelines for possession of and access to the children, as set out in Subchapter F, Chapter 153, Texas Family Code, is not in the children's best interest. **IT IS ORDERED** that **R██████ S████** shall have limited access to and possession of the children as set forth in **Attachment A.**

The Court finds that the application of the guidelines for possession of and access to the children, as set out in Subchapter F, Chapter 153, Texas Family Code, is not in the children's best interest. **IT IS ORDERED** that **T███ H██████** shall have limited access to and possession of the children as set forth in **Attachment A.**

The Court finds that the application of the guidelines for possession of and access to the children, as set out in Subchapter F, Chapter 153, Texas Family Code, is not in the children's best interest. **IT IS ORDERED** that **C██████ S███████** shall have limited access to and possession of the children as set forth in **Attachment A.**

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475375 - Page 6 of 20

*"Certified as to certification on signature page"*

The Court finds that the application of the guidelines for possession of and access to the children, as set out in Subchapter F, Chapter 153, Texas Family Code, is not in the children's best interest. **IT IS ORDERED** that J██████ T██████ S███████ shall have limited access to and possession of the children as set forth in **Attachment A.**

7. **Child Support**

**IT IS ORDERED** that D█████ D████████ shall provide child support for the children as set forth in **Attachment B.**

**IT IS ORDERED** that R███ S█████ shall provide child support for the children as set forth in **Attachment B.**

**IT IS ORDERED** that T████ H██████ shall provide child support for the children as set forth in **Attachment B.**

**IT IS ORDERED** that C██████ S████████ shall provide child support for the children as set forth in **Attachment B.**

**IT IS ORDERED** that J██████ T██████ S███████ shall provide child support for the children as set forth in **Attachment B.**

8. **Medical Support**

**IT IS ORDERED** that D█████ D████████ shall provide for the medical support of the children as set forth in **Attachment C.**

**IT IS ORDERED** that R██████ S█ shall provide for the medical support of the children as set forth in **Attachment C.**

**IT IS ORDERED** that T███ H█████ shall provide for the medical support of the children as set forth in **Attachment C.**

**IT IS ORDERED** that C█████ S████████ shall provide for the medical support of the children as set forth in **Attachment C.**

**IT IS ORDERED** that J█████ T██████ S███████ shall provide for the medical support of the children as set forth in **Attachment C.**

9. **Release of Medical and Mental Health Records**

**IT IS ORDERED** that Respondents D█████ D████████, R████ S███, T███ H██████, C█████ S████████ and J████ T██████ S███████ execute an authorization for the release of medical and mental health records to the Department, and provide the Department with a list of the names and addresses of the physicians and mental health providers who have treated the Respondents. Respondents shall execute the authorization and deliver it, together with the list of physicians and mental health providers, to the Department within 15 days of the date of this hearing.

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475375 - Page 7 of 20

"Certified as to certification on signature page"

## 10. Required Home Study/ Social Study

10.1. The Court finds that Respondent Father, **D███ D███████**, **has/has not** submitted the Child Placement Resources Form required under § 261.307, Texas Family Code.

10.2. The Court finds that Respondent Father, **R███ S████**, **has/has not** submitted the Child Placement Resources Form required under § 261.307, Texas Family Code.

10.3. The Court finds that Respondent Father, **T██ H███████**, **has/has not** submitted the Child Placement Resources Form required under § 261.307, Texas Family Code.

10.4. The Court finds that Respondent Father, **C██████ S████████**, **has/has not** submitted the Child Placement Resources Form required under § 261.307, Texas Family Code.

10.5. The Court finds that Respondent Mother, **J████ T██████ S██████**, **has/has not** submitted the Child Placement Resources Form required under § 261.307, Texas Family Code.

10.6. **IT IS ORDERED** that each Parent, Alleged Father or Relative of the subject children before the Court complete the Child Placement Resources Form provided under § 261.307, and file the completed Form with the Court if the form has not previously filed. **IT IS FURTHER ORDERED** that each Parent, Alleged Father or Relative provide the Department with a copy of the completed Form and the full name and current address or whereabouts and phone number of any absent parent, alleged father or relative of the subject children, pursuant to § 262.201, Texas Family Code.

10.7. **IT IS ORDERED** that the Department shall conduct a home/social study on _____, if preliminary criminal and CPS background checks of all members of the household age 14 and up are favorable.

## 11. Finding and Notice

**The Court finds and hereby notifies the parents that each of the actions required of them below are necessary to obtain the return of the children, and failure to fully comply with these orders may result in the restriction or termination of parental rights.**

*Certified as to certification on signature page"

12. **Psychological or Psychiatric Evaluation: D▊▊▊ D▊▊▊▊**

    12.1. **IT IS ORDERED** that **CONTRACTED WITH THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** is appointed to interview, examine, evaluate, and consult with **D▊▊▊ D▊▊▊▊** and to prepare a psychological or psychiatric evaluation of **D▊▊▊ D▊▊▊▊** to be filed with the Court.

    12.2. **IT IS FURTHER ORDERED** that **D▊▊▊ D▊▊▊▊** shall appear at a date and time to be determined by contracted with the Texas Department of Family and Protective Services, and shall submit to and cooperate fully in the preparation of this court-ordered psychological or psychiatric evaluation. Respondent is hereby notified that any communications made with a counselor, therapist, psychiatrist, or psychologist are not confidential.

13. **Psychological or Psychiatric Evaluation: R▊▊▊ S▊▊▊▊**

    13.1. **IT IS ORDERED** that **CONTRACTED WITH THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** is appointed to interview, examine, evaluate, and consult with **R▊▊▊ S▊▊▊▊** and to prepare a psychological or psychiatric evaluation of **R▊▊▊ S▊▊▊▊** to be filed with the Court.

    13.2. **IT IS FURTHER ORDERED** that **R▊▊▊ S▊▊▊▊** shall appear at a date and time to be determined by contracted with the Texas Department of Family and Protective Services, and shall submit to and cooperate fully in the preparation of this court-ordered psychological or psychiatric evaluation. Respondent is hereby notified that any communications made with a counselor, therapist, psychiatrist, or psychologist are not confidential.

14. **Psychological or Psychiatric Evaluation: T▊▊ H▊▊▊▊**

    14.1. **IT IS ORDERED** that **CONTRACTED WITH THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** is appointed to interview, examine, evaluate, and consult with **T▊▊ H▊▊▊▊** and to prepare a psychological or psychiatric evaluation of **T▊▊ H▊▊▊▊** to be filed with the Court.

    14.2. **IT IS FURTHER ORDERED** that **T▊▊ H▊▊▊▊** shall appear at a date and time to be determined by contracted with the Texas Department of Family and Protective Services, and shall submit to and cooperate fully in the preparation of this court-ordered psychological or psychiatric evaluation. Respondent is hereby notified that any communications made with a counselor, therapist, psychiatrist, or psychologist are not confidential.

"Certified as to certification on signature page"

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475375 - Page 9 of 20

_____/_____

ASAP 11

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475375 - Page 10 of 20

15. **Psychological or Psychiatric Evaluation:** C██████ S████████

    15.1. **IT IS ORDERED** that **CONTRACTED WITH THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** is appointed to interview, examine, evaluate, and consult with C█████ S█████████ and to prepare a psychological or psychiatric evaluation of C█████ S█████████ to be filed with the Court.

    15.2. **IT IS FURTHER ORDERED** that C█████ S█████████ shall appear at a date and time to be determined by contracted with the Texas Department of Family and Protective Services, and shall submit to and cooperate fully in the preparation of this court-ordered psychological or psychiatric evaluation. Respondent is hereby notified that any communications made with a counselor, therapist, psychiatrist, or psychologist are not confidential.

16. **Psychological or Psychiatric Evaluation:** J█████ T█████ S█████

    16.1. **IT IS ORDERED** that **CONTRACTED WITH THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** is appointed to interview, examine, evaluate, and consult with J█████ T█████ S█████ and to prepare a psychological or psychiatric evaluation of J█████ T█████ S█████ to be filed with the Court.

    16.2. **IT IS FURTHER ORDERED** that J█████ T█████ S█████ shall appear at a date and time to be determined by contracted with the Texas Department of Family and Protective Services, and shall submit to and cooperate fully in the preparation of this court-ordered psychological or psychiatric evaluation. Respondent is hereby notified that any communications made with a counselor, therapist, psychiatrist, or psychologist are not confidential.

17. **Counseling**

    17.1. **IT IS ORDERED** that **D█████ D█████** shall attend and cooperate fully in counseling sessions at **CONTRACTED WITH THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** to address the specific issues that led to the removal of the children from the home and to address any additional issues arising from the psychological examinations or from the counseling sessions. Said counseling sessions shall begin and shall continue until the counselor determines that no further sessions are necessary or until further order of this Court.

    17.2. **IT IS ORDERED** that **R█████ S█████** shall attend and cooperate fully in counseling sessions at **CONTRACTED WITH THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** to address the specific issues that led to the removal of the children from the home and to address any additional issues arising from the psychological examinations or from the counseling sessions. Said counseling sessions shall begin and shall continue until the counselor determines that no further sessions are necessary or until further order of this Court.

"Certified as to certification on signature page"

17.3. **IT IS ORDERED** that T████ H█████ shall attend and cooperate fully in counseling sessions at **CONTRACTED WITH THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** to address the specific issues that led to the removal of the children from the home and to address any additional issues arising from the psychological examinations or from the counseling sessions. Said counseling sessions shall begin and shall continue until the counselor determines that no further sessions are necessary or until further order of this Court.

17.4. **IT IS ORDERED** that C█████ S██████ shall attend and cooperate fully in counseling sessions at **CONTRACTED WITH THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** to address the specific issues that led to the removal of the children from the home and to address any additional issues arising·from the psychological examinations or from the counseling sessions. Said counseling sessions shall begin no and shall continue until the counselor determines that no further sessions are necessary or until further order of this Court.

17.5. **IT IS ORDERED** that J████ T██████ S██████ shall attend and cooperate fully in counseling sessions at **CONTRACTED WITH THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** to address the specific issues that led to the removal of the children from the home and to address any additional issues arising from the psychological examinations or from the counseling sessions. Said counseling sessions shall begin and shall continue until the counselor determines that no further sessions are necessary or until further order of this Court.

## 18. Parenting Classes

18.1. **IT IS ORDERED** that D█████ D████████ shall attend, participate in and successfully complete parenting classes and shall submit to the Department or file with Court a certificate of completion.

18.2. **IT IS ORDERED** that R██████ S█████ shall attend, participate in and successfully complete parenting classes and shall submit to the Department or file with Court a certificate of completion.

18.3. **IT IS ORDERED** that T████ H█████ shall attend, participate in and successfully complete parenting classes and shall submit to the Department or file with Court a certificate of completion.

18.4. **IT IS ORDERED** that C█████ S████████ shall attend, participate in and successfully complete parenting classes and shall submit to the Department or file with Court a certificate of completion.

18.5. **IT IS ORDERED** that J████ T██████ S██████ shall attend, participate in and successfully complete parenting classes and shall submit to the Department or file with Court a certificate of completion.

"Certified as to certification on signature page"

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475375 - Page 11 of 20

## 19. Drug and Alcohol Assessments and Testing

19.1. **IT IS ORDERED** that D███████ D███████ shall appear and shall submit to and cooperate fully in the preparation of the court-ordered drug and alcohol dependency assessment.

19.2. **IT IS ORDERED** that D███████ D███████ shall submit urine samples, at times to be determined by the Department, for analysis by a drug testing laboratory. The results of such tests will be reported to the Department and the Court and will be considered in assessing D███████ D███████'S suitability for permanent placement of the children.

19.3. **IT IS ORDERED** that R███████ S███████ shall appear and shall submit to and cooperate fully in the preparation of the court-ordered drug and alcohol dependency assessment.

19.4. **IT IS ORDERED** that R███████ S███████ shall submit urine samples, at times to be determined by the Department, for analysis by a drug testing laboratory. The results of such tests will be reported to the Department and the Court and will be considered in assessing R███████ S███████'S suitability for permanent placement of the children.

19.5. **IT IS ORDERED** that T███ H███████ shall appear and shall submit to and cooperate fully in the preparation of the court-ordered drug and alcohol dependency assessment.

19.6. **IT IS ORDERED** that T███ H███████ shall submit urine samples, at times to be determined by the Department, for analysis by a drug testing laboratory. The results of such tests will be reported to the Department and the Court and will be considered in assessing T███ H███████'S suitability for permanent placement of the children.

19.7. **IT IS ORDERED** that C███████ S███████ shall appear and shall submit to and cooperate fully in the preparation of the court-ordered drug and alcohol dependency assessment.

19.8. **IT IS ORDERED** that C███████ S███████ shall submit urine samples, at times to be determined by the Department, for analysis by a drug testing laboratory. The results of such tests will be reported to the Department and the Court and will be considered in assessing C███████ S███████'S suitability for permanent placement of the children.

19.9. **IT IS ORDERED** that J███████ T███████ S███████ shall appear and shall submit to and cooperate fully in the preparation of the court-ordered drug and alcohol dependency assessment.

19.10. **IT IS ORDERED** that J███████ T███████ S███████ shall submit urine samples, at times to be determined by the Department, for analysis by a drug testing

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475375 - Page 12 of 20

"Certified as to certification on signature page"

_____/_____

ASAP 11

laboratory. The results of such tests will be reported to the Department and the Court and will be considered in assessing J████ T██████ S█████'S suitability for permanent placement of the children.

## 20. Compliance with Service Plan

20.1.  D██████ D██████████ is **ORDERED**, pursuant to § 263.106 Texas Family Code, to comply with each requirement set out in the Department's original, or any amended, service plan during the pendency of this suit.

20.2.  R███ S████ is **ORDERED**, pursuant to § 263.106 Texas Family Code, to comply with each requirement set out in the Department's original, or any amended, service plan during the pendency of this suit.

20.3.  T███ H█████ is **ORDERED**, pursuant to § 263.106 Texas Family Code, to comply with each requirement set out in the Department's original, or any amended, service plan during the pendency of this suit.

20.4.  C█████ S█████████ is **ORDERED**, pursuant to § 263.106 Texas Family Code, to comply with each requirement set out in the Department's original, or any amended, service plan during the pendency of this suit.

20.5.  J█████ T███████ S█████████ is **ORDERED**, pursuant to § 263.106 Texas Family Code, to comply with each requirement set out in the Department's original, or any amended, service plan during the pendency of this suit.

20.6.  The court finds that this order, as supplemented by the service plan to be approved at the Status Hearing under Texas Family Code §263.201, sufficiently defines the rights and duties of the parents of the child pursuant to Texas Family Code § 153.602 and satisfies the requirements of a parenting plan. To the extent there is evidence demonstrating that the children have been exposed to harmful parental conflict, the court orders that the Department address this issue in the Family Plan of Service.

## 21. Required Information

21.1.  **IT IS ORDERED** that each Respondent to this cause provide to the Department and the Court, no later than thirty days from the date of this hearing, the information detailed below.

21.2.  **IT IS ORDERED** that each Parent furnish information sufficient to accurately identify that parent's net resources and ability to pay child support along with copies of income tax returns for the past two years, any financial statements, bank statements, and current pay stubs, pursuant to § 154.063, Texas Family Code.

21.3.  **IT IS ORDERED** that each Respondent provide the Department and the Court information sufficient to establish the parentage and immigration status of the children, including but not limited to marriage records, birth or death certificates,



"Certified as to certification on signature page"

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475375 - Page 13 of 20

baptismal records, social security cards, records of lawful permanent residence ("green cards"), naturalization certificates, and any records from the United States Citizenship and Immigration Services, and records of Indian Ancestry or Tribal Membership.

21.4. **IT IS ORDERED** that each Respondent furnish to the Department all information necessary to ensure the Department has an adequate medical history for the children, including but not limited to the immunization records for the children and the names and addresses of all physicians who have treated the children.

21.5. **IT IS ORDERED** that each Respondent provide the Department information regarding the medical history of the parent and parent's ancestors on the medical history report form, pursuant to § 161.2021, Texas Family Code.

21.6. **IT IS ORDERED** that each Respondent to this cause provide to the Department and the Court a current residence address and telephone number at which each can be contacted.

21.7. **IT IS ORDERED** that each Respondent to this cause notify the Department and the Court of any change in his or her residence address or telephone number within five (5) days of a change of address or telephone number.

21.8. **IT IS ORDERED** that each Respondent provide the Department information regarding the medical history of the parent and parent's ancestors on the medical history report form, pursuant to § 161.2021, Texas Family Code.

22. **Duty To Provide Information**

22.1. **IT IS ORDERED** pursuant to § 153.076(a), Texas Family Code that each conservator of a child has a duty to inform the other conservator of the child in a timely manner of significant information concerning the health, education, and welfare of the child.

22.2. **IT IS ORDERED** pursuant to § 153.076(b), Texas Family Code, that each conservator of the child has the duty to inform the other conservator if the conservator resides with for at least 30 days, marries, or intends to marry a person who the conservator knows:

22.2.1. is registered as a sex offender under Chapter 62, Code of Criminal Procedure; or

22.2.2. is currently charged with an offense for which on conviction the person would be required to register under that chapter.

22.3. The notice required to be made under § 153.076(b), Texas Family Code, must be made as soon as practicable but not later than the 40th day after the date the conservator of the child begins to reside with the person or the 10th day after the

"Certified as to certification on signature page"

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475375 - Page 14 of 20

date the marriage occurs, as appropriate. The notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged.

**22.4.** **A CONSERVATOR COMMITS AN OFFENSE IF THE CONSERVATOR FAILS TO PROVIDE NOTICE IN THE MANNER REQUIRED BY SUBSECTIONS (b) AND (c) OF § 153.076, Texas Family Code. AN OFFENSE UNDER THIS SUBSECTION (d) IS A CLASS C MISDEMEANOR**

**23.** **Notice of Status Hearing**

IT IS ORDERED that this cause is set for a Status Hearing, pursuant to § 263.201 Texas Family Code, on ____Sept. 11 2013____ at __8:30__ o'clock A.m. in the East Texas CPS Cluster Court of Montgomery County in Conroe, Texas.

**24.** All said TEMPORARY ORDERS shall continue in force during the pendency of this suit or until further order of the Court.

SIGNED this 20th day of ____July____, 2013.

_____
JUDGE PRESIDING

**APPROVED AS TO FORM:**

_____
John Lockwood/Sarah Stallberg/Debbie Garcia
Attorney for Petitioner, Department of Family and Protective Services
207 W. Phillips, First Floor/Texas Department of Family and Protective Services
Conroe, TX 77301
*phone:* (936) 539-7828
*fax:* (936) 760-6920
State Bar # __07631530__

_____
CASA
Guardian Ad Litem for the Children

_____
Stephanie Hall
Attorney Ad Litem for the Children

I, Barbara Gladden Adamick, do hereby Certify 20 pages in Cause # 13-07-07616-CV as being a true and correct copy of the Original Record now on file in the District Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas On This the 14 Day of October 2013

By: _____, Deputy

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475375 - Page 15 of 20

D█ D█████████
Alleged Father of the Children D████ L█ D█████████

R███ S████
Alleged Father of the Child L██████ S████

T█ H██████
Alleged Father of the Child J██████ S██████

C████ S█████████
Alleged Father of the Child H███████ S███████

J█████████ S███████
Mother of the Children

William Harris Kirkpatrick
Attorney for Mother

"Certified as to certification on signature page"

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475375 - Page 16 of 20

**25.** **Rights and Duties of Temporary Possessory Parents**

25.1. Each Temporary Possessory Conservator appointed in this Order shall have the following rights:

25.1.1. the right to receive information concerning the health, education, and welfare of the children;

25.1.2. the right to access to medical, dental, psychological, and educational records of the children;

25.1.3. the right to consult with a physician, dentist, or psychologist of the children;

25.1.4. the right to consult with school officials concerning the children's welfare and educational status, including school activities;

25.1.5. the right, during times of unsupervised possession, to consent for the child to medical, dental, and surgical treatment during an emergency involving immediate danger to the health and safety of the children;

25.1.6. the right, during times of possession, to direct the moral and religious training of the children;

25.1.7. and the right to Visitation will be provided by the department on a monthly basis or by further order of the court..

25.2. Each Temporary Possessory Conservator appointed in this Order shall have the following duties:

25.2.1. the duty, during periods of possession of the children which are not supervised by the Department or its designee, of care, control, protection, and reasonable discipline of the children;

25.2.2. the duty to support the children, including providing the children with clothing, food, and shelter during periods of possession of the children which are not supervised by the Department or its designee;

25.2.3. and the duty to _____

_____

_____

**26.** **Possession of and Access to the children**

**IT IS ORDERED** that each Temporary Possessory Conservator appointed in this Order may have supervised visitation with the children, under the terms and conditions agreed to in advance by the parties, subject to 48 hours notification to the Department by the

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475375 - Page 17 of 20

"Certified as to certification on signature page"

_____/_____

ASAP 11

Temporary Possessory Conservator of intent to exercise the visitation. The Department or its designee shall supervise the visitation.

**IT IS ORDERED** that each Temporary Possessory Conservator appointed in this Order shall have visitation with the children as follows:

27. **Possession of and Access to the children**

**IT IS ORDERED** that each Temporary Possessory Conservator appointed in this Order may have supervised visitation with the children, under the terms and conditions agreed to in advance by the parties, subject to 48 hours notification to the Department by the Temporary Possessory Conservator of intent to exercise the visitation. The Department or its designee shall supervise the visitation.

**IT IS ORDERED** that each Temporary Possessory Conservator appointed in this Order shall have visitation with the children as follows:

28. **Possession of and Access to the children**

**IT IS ORDERED** that each Temporary Possessory Conservator appointed in this Order may have supervised visitation with the children, under the terms and conditions agreed to in advance by the parties, subject to 48 hours notification to the Department by the Temporary Possessory Conservator of intent to exercise the visitation. The Department or its designee shall supervise the visitation.

**IT IS ORDERED** that each Temporary Possessory Conservator appointed in this Order shall have visitation with the children as follows:

29. **Possession of and Access to the children**

**IT IS ORDERED** that each Temporary Possessory Conservator appointed in this Order may have supervised visitation with the children, under the terms and conditions agreed to in advance by the parties, subject to 48 hours notification to the Department by the Temporary Possessory Conservator of intent to exercise the visitation. The Department or its designee shall supervise the visitation.

**IT IS ORDERED** that each Temporary Possessory Conservator appointed in this Order shall have visitation with the children as follows:

30. **Possession of and Access to the children**

**IT IS ORDERED** that each Temporary Possessory Conservator appointed in this Order may have supervised visitation with the children, under the terms and conditions agreed to in advance by the parties, subject to 48 hours notification to the Department by the Temporary Possessory Conservator of intent to exercise the visitation. The Department or its designee shall supervise the visitation.

"Certified as to certification on signature page"

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475375 - Page 18 of 20

**IT IS ORDERED** that each Temporary Possessory Conservator appointed in this Order shall have visitation with the children as follows:

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475375 - Page 19 of 20

"Certified as to certification on signature page"

_____/_____

ASAP 11

## ATTACHMENT B

### Child Support

**31.    Place and Manner of Payment**

**IT IS FURTHER ORDERED** that all child support payments are to be made through the Office of the Attorney General, Texas Child Support State Distribution Unit, P.O. Box 659791, San Antonio, Texas 78265-9791 and then remitted by that agency to the Department of Family and Protective Services for the support of the children.

**32.    Order to Employer Entered**

32.1.    On this date an "Employer's Order to Withhold from Earnings for Child Support" was entered by the Court. However, each parent obligated and ordered to support a child, subject of this suit, is responsible for and is **ORDERED** to make payment of all child support until an employer complies with the "Employer's Order," or if an employer fails to comply with that order at any time.

32.2.    The Court **ORDERS** the Clerk of the Court, upon request, to cause a certified copy of the Employer's Order to Withhold Earnings for Child Support, with a copy of Chapter 158, Texas Family Code attached, to be delivered to the Respondents' employer(s) whether current or subsequent. The Court **ORDERS** the Respondents to provide any subsequent employer(s) with a copy of the Employer's Order to Withhold Earnings for Child Support filed herein.

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475375 - Page 20 of 20

"Certified as to certification on signature page"



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 18, 2015

Certified Document Number:        59475375 Total Pages:  20

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**Tab 3**
**Supplemental Order to Appear and Warnings**
**(signed July 30, 2013 – image #59475376)**

IN THE INTEREST OF § IN THE CCL #3 COURT

§

§ 201305778 J

D█ L█ D█████

L███ S█ J███████ S███ § OF

& H██████ S██████ § MONTGOMERY COUNTY, TEXAS

MINOR CHILD(REN)

RECEIVED AND FILED
At _____ FOR RECORD _____ O'Clock _____ M.
JUL 3 0 2013
BARBARA GLADDEN ADAMICK
District Clerk
MONTGOMERY COUNTY, TEXAS
Deputy

## SUPPLEMENTAL ORDER TO APPEAR AND WARNINGS

IT IS ORDERED that the following parties and attorneys be present at all future hearings as listed in the Future Hearings Schedule below:

Respondent Mother: J█ T S████
Respondent Mother's Attorney:
Respondent Father: D█ D█████
Respondent Father's Attorney:
Respondent Father: R██ S███████
T███ H██████
C███ S███████
Respondent Father's Attorney:
Attorney Ad Litem: S█████ H███



313th

### FUTURE HEARINGS SCHEDULE:

| Hearing | Date | Time |
|---|---|---|
| Status Hearing: | 9-11-13 | at 8:30 am |
| Initial Permanency Hearing: | 12-10-13 | at 8:30 am |
| Permanency Hearing: | 3-10-14 | at 8:30 am |
| Final Trial: | 6-3-14 | at 1:30 pm |



FILED
Chris Daniel
District Clerk
OCT 1 8 2013
Time: _____
Harris County, Texas
By _____ Deputy

### WARNINGS:

If you fail to appear at one of the above hearings, the subsequent hearing dates are subject to change.

Failure to attend future hearings without good cause shown may result in a finding that the parents have waived legal rights and are deemed to have admitted the allegations in the Department's petition.

Failure to participate in the Family Plan of Service may result in termination of parental rights or establishment of permanent conservatorship with someone other than the parent.

Failure to attend future hearings may result in the termination of parental rights.

If you fail to appear at one of the above hearings, the subsequent hearing dates are subject to change.

SIGNED ON this ___ July 30 ___, 2013

_____
JUDGE PRESIDING

I Barbara Gladden Adamick, do hereby Certify 1 pages in Cause #13-07-07616-CV as being a true and correct copy of the Original Record now on file in the District Clerk's Office of Montgomery County, Texas.
Witness My Official Seal of Office in Conroe, Texas
On This the 14 Day of October, 2013
By: _____, Deputy

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475376 - Page 1 of 1

SCANNED



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   June 18, 2015

Certified Document Number:        59475376 Total Pages:  1

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**Tab 4**
**Status Hearing Order**
**(signed September 11, 2013 – image #59475405)**

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475405 - Page 1 of 7

**20 1 3 05 77 8 J**

## CAUSE NO. 13-07-07616 CV

IN THE INTEREST OF

§
§

D⬛⬛ L⬛ D⬛⬛⬛⬛⬛
§

L⬛⬛⬛ S⬛⬛ ⬛⬛⬛⬛⬛⬛
§

J⬛⬛⬛ S⬛⬛ ⬛⬛⬛⬛
§

H⬛⬛⬛ S⬛⬛⬛⬛
§

§

**Chris Daniel**
**District Clerk**

**OCT 1 8 2013**

Time: ⬛⬛⬛⬛⬛⬛

Harris County, Texas

By ⬛⬛⬛⬛⬛⬛

Deputy

IN COUNTY COURT

AT LAW

**313th**

MONTGOMERY COUNTY, TEXAS

CHILDREN

## STATUS HEARING ORDER

On September 11, 2013, a Status Hearing was held pursuant to Subchapter C, Chapter 263, Texas Family Code.

### 1. Appearances

1.1.  The Department of Family and Protective Services ("the Department") appeared through **SHAUNTA HOLMES**, caseworker, and by attorney, **JOHN LOCKWOOD/SARAH STALLBERG/DEBBIE GARCIA** and announced ready.

1.2.  Respondent Alleged Father **D⬛⬛⬛ D⬛⬛⬛⬛**, father of **D⬛⬛⬛ L⬛ D⬛⬛⬛⬛⬛**

☐ appeared in person and announced ready.

☐ appeared through attorney of record _____ and announced ready.

☐ appeared in person and through attorney of record _____ and announced ready.

☐ waived issuance and service of citation by waiver duly filed.

☐ agreed to the terms of this order as evidenced by signature below.

☐ although duly and properly notified, did not appear and wholly made default.

☐ was not notified, and did not appear.

1.3.  Respondent Alleged Father **R⬛⬛⬛ S⬛⬛**, father of **L⬛⬛⬛⬛ S⬛⬛⬛**

☐ appeared in person and announced ready.

☐ appeared through attorney of record _____ and announced ready.

☐ appeared in person and through attorney of record _____ and announced ready.

☐ waived issuance and service of citation by waiver duly filed.

☐ agreed to the terms of this order as evidenced by signature below.

☐ although duly and properly notified, did not appear and wholly made default.

☐ was not notified, and did not appear.

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475405 - Page 2 of 7

1.4. Respondent Alleged Father **T███ H████**, father of **J██████ S██████**

    ☐ appeared in person and announced ready.

    ☐ appeared through attorney of record _____ and announced ready.

    ☐ appeared in person and through attorney of record
_____ and announced ready.

    ☐ waived issuance and service of citation by waiver duly filed.

    ☐ agreed to the terms of this order as evidenced by signature below.

    ☐ although duly and properly notified, did not appear and wholly made default.

    ☐ was not notified, and did not appear.

1.5. Respondent Alleged Father **C█████ S██████**, father of **H████ S██████**

    ☐ appeared in person and announced ready.

    ☐ appeared through attorney of record _____ and announced ready.

    ☐ appeared in person and through attorney of record
_____ and announced ready.

    ☐ waived issuance and service of citation by waiver duly filed.

    ☐ agreed to the terms of this order as evidenced by signature below.

    ☐ although duly and properly notified, did not appear and wholly made default.

    ☐ was not notified, and did not appear.

1.6. Respondent Mother **J██████ T████ S██████**

    ☐ appeared in person and announced ready. *ADAM DIETRICH*

    ☐ appeared through attorney of record ~~WILLIAM HARRISON~~ and announced ready. *ADAM DIETRICH*

    ☒ appeared in person and through attorney of record ~~WILLIAM HARRISON~~ and announced ready.

    ☐ waived issuance and service of citation by waiver duly filed.

    ☐ agreed to the terms of this order as evidenced by signature below.

    ☐ although duly and properly notified, did not appear and wholly made default.

    ☐ was not notified, and did not appear.

1.7. **STEPHANIE HALL**, appointed by the Court as Attorney Ad Litem of the children the subject of this suit,

    ☒ appeared and announced ready.

    ☒ agreed to the terms of this order as evidenced by signature below.

    ☐ although duly and properly notified, did not appear.

1.8. **CASA/MONTGOMERY COUNTY**, appointed by the Court as Guardian Ad Litem of the children the subject of this suit,

    ☒ appeared and announced ready.

    ☐ agreed to the terms of this order as evidenced by signature below.

    ☐ although duly and properly notified, did not appear.

*"Certified as to certification on signature page"*

1.9. Also Appearing _____

_____

_____

## 2. Findings

2.1. The Court, having reviewed the pleadings, and considered all evidence and information required by law, including all service plans and court reports filed by the Department, finds that all necessary prerequisites of the law have been satisfied, and that this Court has jurisdiction over this cause.

2.2. The Court finds that all parties entitled to citation and notice have been served, except as specifically set out below.

2.3. The Court finds that **D██████ D█████████**, although entitled to notice of this hearing, was not served. The Court finds that the Department has exercised due diligence to locate this respondent.

2.4. The Court finds that **R██████ S█████**, although entitled to notice of this hearing, was not served. The Court finds that the Department has exercised due diligence to locate this respondent.

2.5. The Court finds that **T████ H████████**, although entitled to notice of this hearing, was not served. The Court finds that the Department has exercised due diligence to locate this respondent.

2.6. The Court finds that **C████████ S████████**, although entitled to notice of this hearing, was not served. The Court finds that the Department has exercised due diligence to locate this respondent.

2.7. The Court finds that **J████████ T████████ S█████**, although entitled to notice of this hearing, was not served. The Court finds that the Department has exercised due diligence to locate this respondent.

2.8. The Court, having reviewed the report filed under § 263.007, finds that the Department's efforts **have/have not** been sufficient to identify, locate, and provide information to each adult described in § 262.1095(a).

2.9. If the Court finds that efforts have not been sufficient, then **IT IS ORDERED** that the Department make further efforts to identify, locate, and provide information to each adult described in § 262.1095(a).

2.10. The Court, having reviewed the service plans filed by the Department, finds, except as specifically noted below, that the service plans are reasonable, accurate, and in compliance with the previous orders of the Court.

2.11. The Court finds the plans are reasonably tailored to address any specific issues identified by the Department.

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475405 - Page 3 of 7

"Certified as to certification on signature page"



For Official Governmental Use Only - Do Not Disseminate to the Public: 59475405 - Page 4 of 7

2.12. The Court finds that the children's parents and a representative of the Department has/has not signed the plans.

2.13. The Court finds that D_____ D_____ has/has not reviewed the service plans.

2.14. The Court finds that D_____ D_____ has/has not signed the plan.

2.15. The Court finds that R_____ S_____ has/has not reviewed the service plans.

2.16. The Court finds that R_____ S_____ has/has not signed the plan.

2.17. The Court finds that T____ H_____ has/has not reviewed the service plans.

2.18. The Court finds that T____ H_____ has/has not signed the plan.

2.19. The Court finds that C_____ S_____ has/has not reviewed the service plans.

2.20. The Court finds that C_____ S_____ has/has not signed the plan.

2.21. The Court finds that J_____ T_____ S_____ has/has not reviewed the service plans.

2.22. The Court finds that J_____ T_____ S_____ has/has not signed the plan.

2.23. The Court finds that Respondent Father, D_____ D_____, has/has not completed the Child Placement Resources Form and filed it with the Court as required under § 261.307, Texas Family Code. If the form has not previously been submitted, **IT IS ORDERED** that D_____ D_____ submit the Child Placement Resources Form to the Department.

2.24. The Court finds that Respondent Father, R_____ S_____, has/has not completed the Child Placement Resources Form and filed it with the Court as required under § 261.307, Texas Family Code. If the form has not previously been submitted, **IT IS ORDERED** that R_____ S_____ submit the Child Placement Resources Form to the Department.

2.25. The Court finds that Respondent Father, T_____ H_____, has/has not completed the Child Placement Resources Form and filed it with the Court as required under § 261.307, Texas Family Code. If the form has not previously been submitted, **IT IS ORDERED** that T_____ H_____ submit the Child Placement Resources Form to the Department.

2.26. The Court finds that Respondent Father, C_____ S_____, has/has not completed the Child Placement Resources Form and filed it with the Court as required under § 261.307, Texas Family Code. If the form has not previously

*"Certified as to certification on signature page"*



been submitted, **IT IS ORDERED** that **C‎ S‎** submit the Child Placement Resources Form to the Department.

2.27. The Court finds that Respondent Mother, **J‎ T‎ S‎**, **has/has not** completed the Child Placement Resources Form and filed it with the Court as required under § 261.307, Texas Family Code. If the form has not previously been submitted, **IT IS ORDERED** that **J‎ T‎ S‎** submit the Child Placement Resources Form to the Department.

2.28. The Court has reviewed the summary of the medical care provided to the subject children under § 266.007, Texas Family Code.

2.29. The Court has also reviewed the Visitation Plan provided by the Department pursuant to § 263.109, Texas Family Code

3.  **Visitation Plan: D‎ D‎**

3.1. The Court finds that visitation between **D‎ D‎** and **D‎ D‎** must be supervised to protect the health and safety of **D‎ D‎**

4.  **Visitation Plan: R‎ S‎**

4.1. The Court finds that visitation between **L‎ S‎** and **R‎ S‎** must be supervised to protect the health and safety of **L‎ S‎**.

5.  **Visitation Plan: T‎ H‎**

5.1. The Court finds that visitation between **J‎ S‎** and **T‎ H‎** must be supervised to protect the health and safety of **J‎ S‎**.

6.  **Visitation Plan: C‎ S‎**

6.1. The Court finds that visitation between **H‎ S‎** and **C‎ S‎** must be supervised to protect the health and safety of **H‎ S‎**.

7.  **Visitation Plan: J‎ T‎ S‎**

7.1. The Court finds that visitation between **D‎ L‎ D‎ L‎ S‎**, **J‎ S‎ AND H‎ S‎** and **J‎ T‎ S‎** must be supervised to protect the health and safety of **D‎ L‎ D‎ L‎ S‎**, **J‎ S‎ AND H‎ S‎**.

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475405 - Page 5 of 7

"Certified as to certification on signature page"

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475405 - Page 6 of 7

**8.      Orders**

8.1.    **IT IS ORDERED** that, except as specifically modified by this order or any subsequent order, the plan of service for the parents, filed with the Court on _____ or attached to this order and incorporated herein by reference as if the same were copied verbatim in this order, is **APPROVED** and made an **ORDER** of this Court.

8.2.    **IT IS ORDERED** that the plan of service issued by this Court shall continue in full force and effect subject to the following modifications:

_____

_____

_____

_____

_____

8.3.    The Court advises the parents that progress under the service plan will be reviewed at all subsequent hearings, including a review of whether the parties have acquired or learned any specific skills or knowledge stated in the service plan.

8.4.    **IT IS ORDERED** that, in addition to the rights and duties listed in § 153.371, Texas Family Code, the Department is authorized to consent to medical care for the subject children, pursuant to § 266.004, Texas Family Code.

8.5.    **IT IS ORDERED** that all previous orders issued by this Court shall continue in full force and effect subject to the following modifications:

_____

_____

_____

_____

_____

**9.      Notice of Permanency Hearing**

**IT IS ORDERED that the initial Permanency Hearing in this cause is hereby set for December 10, 2013 at    8:30 a.m., in the East Texas CPs Cluster Court of Montgomery County, Texas.**

SIGNED this _____ day of _____, 2013.

I, Barbara Gladden Adamick, do hereby Certify_1_ pages in Cause #13-07-07616-CV as being a true and correct copy of the Original Record now on file in the District Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas On This the 14th Day of October 2013

By: _____, Deputy

_____
JUDGE PRESIDING

Status Hearing Order
Page 6

13-07-07616 CV / 3
ASAP 2013

**APPROVED AS TO FORM:**

John Lockwood/Sarah Stallberg/Debbie Garcia
Attorney for Petitioner, Department of Family and Protective Services
207 W. Phillips, First Floor/Texas Department of Family and Protective Services
Conroe, TX 77301
*phone:* (936) 539-7828
*fax:* (936) 760-6920
State Bar # _____

Stephanie Hall
Attorney Ad Litem for the Children

CASA/Montgomery County
Guardian Ad Litem for the Children

D██ D████████
Alleged Father of the Children D████ L██ D████████

R████ S████
Alleged Father of the Child L██████ S██████

T██ H██████
Alleged Father of the Child J██████ S█████

C████ S██████
Alleged Father of the Child H████████ S███████

J███████ I█████ S███████
Mother of the Children

William Harrison / Adam Dietrich
Attorney for the Mother J███████ T█████ S███████

13-07-07616 CV / 3
ASAP 2013

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475405 - Page 7 of 7

"Certified as to certification on signature page"



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 18, 2015

Certified Document Number:        59475405 Total Pages:  7

*Chris Daniel*

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**Tab 5**
**Order on Motion to Transfer**
**(signed October 7, 2013 – image #59475363)**

201305778J

RECEIVED AND FILED FOR RECORD
At 9:10 O'Clock A M.
OCT - 7 2013
BARBARA GAY ADAMICK
District Clerk
By_____ Deputy
MONTGOMERY COUNTY, TEXAS

P3

CAUSE NO. 13-07-07616 CV

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE COUNTY COURT AT LAW #3 |
| | § | |
| D____ L D____ | § | Chris Daniel |
| L____ S____ | § | District Clerk |
| J____ S____ | § | OCT 18 2013 |
| H____ S____ | § | Time: 10:18:13 |
| | § | Harris County, Texas |
| | § | By_____ Deputy |
| CHILDREN | § | MONTGOMERY COUNTY, TEXAS |

313th

## ORDER ON MOTION TO TRANSFER

On this date, the Court finds that the *Motion to Transfer* filed by The Texas Department of Family & Protective Services should be granted.

IT IS THEREFORE ORDERED that Cause No. 13-07-07616 CV, *In the Interest of D____ L D____, L____ S____, J____ S____, and H____ S____*; in the 418th Judicial District Court of Montgomery County, Texas is transferred to Harris County. The Montgomery County District Clerk is ORDERED to transfer the file, along with a copy of all pleadings, orders, and other documents filed. The District Clerk of Harris County is ORDERED to docket the case along with the documents filed from Montgomery County, Texas.

SIGNED on the ____ day of _10-7-13_____, 2013. It is ordered that all court-ordered ad litems are discharged.

_____
JUDGE PRESIDING

AGREED:

_Sarah Stallberg_____
Sarah Stallberg, Attorney for the Texas Department of Family & Protective Services

_____
Adam Dietrich, Attorney for the mother

_Stephanie Hall_____
Stephanie J. Hall
Attorney Ad Litem for children

_____
Stephanie Hall, AAL for the children

For Official Governmental Use Only – Do Not Disseminate to the Public: 59475363 – Page 1 of 3

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475363 - Page 2 of 3

I, Barbara Gladden Adamick, do hereby
Certify __1__ pages in Cause # 13-07-07616-CV
as being a true and correct copy of the
Original Record now on file in the District
Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas
On This the __14__ Day of October 2013

By: _____, Deputy

FILED
Cindi Daniel
District Clerk
OCT 18 2013
Time: _____
10-18-13
Montgomery County, Texas
By _____ Deputy

**201305778J**    313th

| DATE | ORDERS OF THE COURT |
|---|---|
| 7-18-13 | Order Appt Ad Litem (Stephanie Hall) signed by Judge Amy Atkinson CPS |
| 7-30-13 | adversary. Atty Garcia Present for Dept. CASA, Will Harrison for Adam Dietrich w/ Mother, order appt. Adam Dietrich Ad Litem for Respondent signed, order appt CASA as Guardian Ad Litem for Child signed. Supplemental order to Appear and Warnings signed and Temporary order following adversary hearing signed by Judge Jerry Winfree, CPS Cluster Court, CSR K. Strouse. Next Setting 9-11-13    KOD. |
| 9-11-13 | Motion to modify & Status. Atty Lockwood Present For Dept, CASA, Atty Hall ad litem, Atty Dietrich with mother, No Father Present. Testimony Heard. Temporary Order to Continue; Service Plan Approved; Order on Motion to Modify Visitation; Status Hearing Order Signed by Judge Jerry Winfree, CPS Cluster Court, CSR K. Strouse. Next Setting 12-10-13 8:30 AM Initial Permanency |
| 10-7-13 | Order on Motion to Transfer (to Harris County) Signed by Judge Jerry Winfree, CPS Cluster Court, CSR K. Strouse |

I, Barbara Gladden Adamick, do hereby Certify ___ pages in Cause # 13-07-07616-CV as being a true and correct copy of the Original Record now on file in the District Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas On This the 14 Day of October, 2013

By: _____, Deputy

For Official Governmental Use Only - Do Not Disseminate to the Public: 59475363 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 18, 2015

Certified Document Number:        59475363 Total Pages:  3

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**Tab 6**
**Permanency Hearing Order**
**(signed December 10, 2013 – image #59008416)**





**ORIGINAL**

F I L E D
Chris Daniel
District Clerk
DEC 10 2013
Time: _____
By_____
Harris County, Texas
Deputy

CAUSE NO. 2013-05778J
(TRANSFERRED FROM 308 COURT)

| IN THE INTEREST OF | IN THE DISTRICT COURT OF |
|---|---|

D████, L██ D████
L█████████  S█
J█████████  S█
H████████  S█

HARRIS COUNTY, TEXAS

**CHILDREN**                    **313TH JUDICIAL JUVENILE DISTRICT**

**PERMANENCY HEARING ORDER**

On **December 10, 2013**, a permanency hearing was held pursuant to Subchapter D, Chapter 263, Texas Family Code, for review of the conservatorship appointment and the placement of the children.

**1.      Appearances**

1.1.    The Department of Family and Protective Services ("the Department") appeared through , caseworker, and by attorney and announced ready.

1.2.    Respondent ALLEGED FATHER D████ D████
☐ appeared in person and announced ready.
☐ appeared through attorney of record _____ and announced ready.
☐ appeared in person and through attorney of record _____ and announced ready.
☐ waived issuance and service of citation by waiver duly filed.
☐ agreed to the terms of this order as evidenced by signature below.
☒ although duly and properly notified, did not appear and wholly made default.
☐ was not notified, and did not appear.

1.3.    Respondent ALLEGED FATHER T███ H█████
☐ appeared in person and announced ready.
☐ appeared through attorney of record _____ and announced ready.
☐ appeared in person and through attorney of record _____ and announced ready.
☐ waived issuance and service of citation by waiver duly filed.
☐ agreed to the terms of this order as evidenced by signature below.
☒ although duly and properly notified, did not appear and wholly made default.
☐ was not notified, and did not appear.

1.4. Respondent ALLEGED FATHER R███████ S███████
☐ appeared in person and announced ready.
☐ appeared through attorney of record _____ and announced ready.
☐ appeared in person and through attorney of record _____ and announced ready.
☐ waived issuance and service of citation by waiver duly filed.
☐ agreed to the terms of this order as evidenced by signature below.
☑ although duly and properly notified, did not appear and wholly made default.
☐ was not notified, and did not appear.

1.5. Respondent ALLEGED FATHER C███████ S███████
☐ appeared in person and announced ready.
☐ appeared through attorney of record _____ and announced ready.
☐ appeared in person and through attorney of record _____ and announced ready.
☐ waived issuance and service of citation by waiver duly filed.
☐ agreed to the terms of this order as evidenced by signature below.
☑ although duly and properly notified, did not appear and wholly made default.
☐ was not notified, and did not appear.

1.6. Respondent MOTHER J███████ T███████ S███████
☐ appeared in person and announced ready.
☐ appeared through attorney of record _____ and announced ready.
☐ appeared in person and through attorney of record _____ and announced ready.
☐ waived issuance and service of citation by waiver duly filed.
☐ agreed to the terms of this order as evidenced by signature below.
☑ although duly and properly notified, did not appear and wholly made default.
☐ was not notified, and did not appear.

1.7. Also Appearing _Susan Solis for children_

## 2. Findings

2.1. The Court, having reviewed the pleadings and considered all evidence and information required by law, including all service plans and Permanency Progress Reports filed by the Department, finds that all necessary prerequisites of the law have been satisfied, that this Court has jurisdiction over this cause, and that the following orders are in the best interest of the children the subject of this suit.

2.2. The Court has reviewed services plans, permanency report and other information submitted to the court to determine the safety of the children, the continuing

For Official Governmental Use Only - Do Not Disseminate to the Public: 59008416 - Page 2 of 6

necessity and appropriateness of the placement of each child, the extent of compliance with the case plan, the extent of progress which has been made toward alleviating or mitigating the causes necessitating placement in foster care, and to project a likely date by which the children may be returned to and safely maintained in the home or placed for adoption or in a permanent managing conservatorship, as applicable. The Court finds that the Department has made reasonable efforts, as identified in its service plans and/or Permanency Progress Reports, to finalize the permanency plan that is in effect for each child.

2.3. The Court finds that all persons entitled to notice under § 263.301, Texas Family Code, have been notified, except as specifically set out below.

2.4. The Court finds that **D⬛⬛⬛ D⬛⬛⬛**, entitled to notice under § 263.301, and Chapter 102, Texas Family Code, has not been served in this cause, and therefore has not been notified. The Court has reviewed the Department's efforts in attempting to locate said person and in requesting service of citation.

2.5. The Court finds that **T⬛ H⬛⬛⬛**, entitled to notice under § 263.301, and Chapter 102, Texas Family Code, has not been served in this cause, and therefore has not been notified. The Court has reviewed the Department's efforts in attempting to locate said person and in requesting service of citation.

2.6. The Court finds that **R⬛⬛ S⬛**, entitled to notice under § 263.301, and Chapter 102, Texas Family Code, has not been served in this cause, and therefore has not been notified. The Court has reviewed the Department's efforts in attempting to locate said person and in requesting service of citation.

2.7. The Court finds that **C⬛⬛ S⬛⬛**, entitled to notice under § 263.301, and Chapter 102, Texas Family Code, has not been served in this cause, and therefore has not been notified. The Court has reviewed the Department's efforts in attempting to locate said person and in requesting service of citation.

2.8. The Court finds that **J⬛⬛ T⬛⬛ S⬛⬛**, entitled to notice under § 263.301, and Chapter 102, Texas Family Code, has not been served in this cause, and therefore has not been notified. The Court has reviewed the Department's efforts in attempting to locate said person and in requesting service of citation.

2.9. The Court has evaluated the Department's efforts to identify relatives who could provide the children with a safe environment if the children are not returned to a parent or another person or entity entitled to service under Chapter 102, Texas Family Code and to obtain the assistance of each parent to provide information necessary to locate an absent parent, alleged father, or relative of the child. The Court has further reviewed the efforts of the parent, alleged father or relative before the Court in providing information necessary to locate another absent

For Official Governmental Use Only - Do Not Disseminate to the Public: 59008416 - Page 3 of 6

For Official Governmental Use Only - Do Not Disseminate to the Public: 59008416 - Page 4 of 6

<u>parent, alleged father or relative of the children pursuant to §263.306 (a) (3), Texas Family Code.</u>

2.10. The Court finds that no further plans, services or temporary orders other than as specified herein are necessary to ensure that a final order is rendered before the dismissal date of this suit.

**3.  Placement and Services:**

3.1. The Court finds that the children who are the subject of this Permanency Hearing are as follows and their placements are as follows:



| Children | Current Placement |
|---|---|
| D█████ L█ D███████████ | UNKNOWN |
| L██████ S██████ | UNKNOWN |
| J███████ S██████ | UNKNOWN |
| H████████ S███████ | UNKNOWN |

3.2. The Court finds that _____ is willing and able to provide the children _____ with a safe environment, and therefore return of the child to _____ is in the children's best interest. IT IS THEREFORE ORDERED that the Department shall place the children _____ in the home of _____ .

OR

3.3. The Court finds that neither the child's parents not any other person or entity entitled to service under Chapter 102, Texas Family Code is willing and able to provide the children D█████ L█ D██████████ L██████ S██████, J███████ S██████ and H████████ S███████ with a safe environment, and therefore return of the child to a parent or other person or entity is not in the children's best interest. The children continue to need substitute care and the children current placement is appropriate for the children's needs.

3.4. The Court finds that no other/the following plans or services are needed to meet the child's treatment, rehabilitation, or educational needs.

_____

_____

_____

3.5. The Court finds that no other/the following plans or services are needed to ensure that a final order is rendered before the date for dismissal of the suit:

_____

_____

_____

## 4. Orders

4.1. **IT IS ORDERED** that, except as specifically modified by this order or any subsequent order, the permanency plans for the children, set out in the service plans and/or Permanency Progress Reports filed with the Court, are approved and adopted by this Court and incorporated herein as if set verbatim in this order. The actions specified in each service plan and/or Permanency Progress Report on file as of the date of this order represent actions which this Court requires of the parent specified in the service plan and/or Permanency Progress Report and the actions much be performed in order for the parent to regain custody of the children who are presently in the temporary managing conservatorship of the Department.

4.2. IT IS ORDERED that all previous orders issued by this Court shall continue without modification/subject to the following modification.

_____

_____

4.3. Unless otherwise directed by this Court prior to the hearing, the following children shall not be required to attend the next permanency hearing:



4.4. IT IS ORDERED that _____

_____

_____

For Official Governmental Use Only - Do Not Disseminate to the Public: 59008416 - Page 5 of 6

## 5. Dismissal Date and Hearing Dates

5.1. Pursuant to § 263.306(13), Texas Family Code, the Court determines that the date for dismissal of this cause shall be **July 21, 2014**. The Court determines that the next permanency hearing is set on _~~FTTer~~ 1 /18 /14_, at _1:15_ o'clock _P._m. in the 313th Judicial District Court of Harris County in Houston, Texas. The Court determines that this suit shall be and is hereby set for trial on _____.

SIGNED this _____ day of _DEC 1 0 2013_, 2013.

_____
JUDGE PRESIDING

For Official Governmental Use Only - Do Not Disseminate to the Public: 59008416 - Page 6 of 6



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   June 18, 2015

Certified Document Number:        59008416 Total Pages:  6

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**Tab 7**
**Permanency Hearing Order**
**(signed April 1, 2014 – image #60340390)**

 Aasyia Freeman 182-3

~~GOYA PRIMES 182-3~~
~~ANNE HRNGIR~~



☐ **ORIGINAL**

**CAUSE NO. 2013-05778J**
**(TRANSFERRED FROM 308 COURT)**

IN THE INTEREST OF                                                    IN THE DISTRICT COURT OF



**F I L E D**
Chris Daniel
District Clerk                                          **HARRIS COUNTY, TEXAS**

APR 01 2014

CHILDREN                          Time:_____ 313TH JUDICIAL JUVENILE DISTRICT
Harris County, Texas

**PERMANENCY HEARING ORDER**

On **April 1, 2014**, a permanency hearing was held pursuant to Subchapter D, Chapter 263, Texas Family Code, for review of the conservatorship appointment and the placement of the children.

1.      **Appearances**

   1.1.    The Department of Family and Protective Services ("the Department") appeared through ~~GOYA PRIMES,~~ caseworker, and by attorney and announced ready.

   Aasyia Freeman

   1.2.    Respondent MOTHER J___ T___ S___
            ☐ appeared in person and announced ready.
            ☐ appeared through attorney of record **THEODORE F. TRIGG** and announced ready.
            ☑ appeared in person and through attorney of record **THEODORE F. TRIGG** and announced ready.
            ☐ waived issuance and service of citation by waiver duly filed.
            ☐ agreed to the terms of this order as evidenced by signature below.
            ☐ although duly and properly notified, did not appear and wholly made default.
            ☐ was not notified, and did not appear.

   1.3.    Respondent ALLEGED FATHER D___ D___
            ☐ appeared in person and announced ready.
            ☑ appeared through attorney of record **JOHN S. MAISEL** and announced ready.
            ☐ appeared in person and through attorney of record **JOHN S. MAISEL** and announced ready.
            ☐ waived issuance and service of citation by waiver duly filed.
            ☐ agreed to the terms of this order as evidenced by signature below.
            ☐ although duly and properly notified, did not appear and wholly made default.
            ☐ was not notified, and did not appear.

For Official Governmental Use Only - Do Not Disseminate to the Public: 60340390 - Page 1 of 5

1.4. Respondent ALLEGED FATHER R███████ S███████
☐ appeared in person and announced ready.
☑ appeared through attorney of record **JOHN S. MAISEL** and announced ready.
☐ appeared in person and through attorney of record **JOHN S. MAISEL** and announced ready.
☐ waived issuance and service of citation by waiver duly filed.
☐ agreed to the terms of this order as evidenced by signature below.
☐ although duly and properly notified, did not appear and wholly made default.
☐ was not notified, and did not appear.

1.5. Respondent ALLEGED FATHER T███ H████████
☐ appeared in person and announced ready.
☑ appeared through attorney of record **JOHN S. MAISEL** and announced ready.
☐ appeared in person and through attorney of record **JOHN S. MAISEL** and announced ready.
☐ waived issuance and service of citation by waiver duly filed.
☐ agreed to the terms of this order as evidenced by signature below.
☐ although duly and properly notified, did not appear and wholly made default.
☐ was not notified, and did not appear.

1.6. Respondent ALLEGED FATHER C███████ S███████
☐ appeared in person and announced ready.
☑ appeared through attorney of record **JOHN S. MAISEL** and announced ready.
☐ appeared in person and through attorney of record **JOHN S. MAISEL** and announced ready.
☐ waived issuance and service of citation by waiver duly filed.
☐ agreed to the terms of this order as evidenced by signature below.
☐ although duly and properly notified, did not appear and wholly made default.
☐ was not notified, and did not appear.

1.7. **SUSAN RYAN SOLIS**, appointed by the Court as Attorney and Guardian Ad Litem of the children the subject of this suit,
☑ appeared and announced ready.
☐ agreed to the terms of this order.
☐ agreed to the terms of this order, but did not appear
☐ although duly and properly notified, did not appear.

1.8. **CHILD ADVOCATES, INC.**, appointed by the Court as Volunteer Advocate of the children the subject of this suit,
☑ appeared and announced ready.
☐ agreed to the terms of this order.
☐ agreed to the terms of this order, but did not appear
☐ although duly and properly notified, did not appear.

1.9. Also Appearing _____

_____

_____

_____

## 2. Findings

2.1. The Court, having reviewed the pleadings and considered all evidence and information required by law, including all service plans and Permanency Progress Reports filed by the Department, finds that all necessary prerequisites of the law have been satisfied, that this

For Official Governmental Use Only - Do Not Disseminate to the Public: 60340390 - Page 2 of 5

Court has jurisdiction over this cause, and that the following orders are in the best interest of the children the subject of this suit.

2.2. The Court has reviewed services plans, permanency report and other information submitted to the court to determine the safety of the children, the continuing necessity and appropriateness of the placement of each child, the extent of compliance with the case plan, the extent of progress which has been made toward alleviating or mitigating the causes necessitating placement in foster care, and to project a likely date by which the children may be returned to and safely maintained in the home or placed for adoption or in a permanent managing conservatorship, as applicable. The Court finds that the Department has made reasonable efforts, as identified in its service plans and/or Permanency Progress Reports, to finalize the permanency plan that is in effect for each child.

2.3. The Court finds that all persons entitled to notice under § 263.301, Texas Family Code, have been notified, except as specifically set out below.

2.4. The Court finds that **D█████ D██████████**, entitled to notice under § 263.301, and Chapter 102, Texas Family Code, has not been served in this cause, and therefore has not been notified. The Court has reviewed the Department's efforts in attempting to locate said person and in requesting service of citation.

2.5. The Court finds that **R███████ S████**, entitled to notice under § 263.301, and Chapter 102, Texas Family Code, has not been served in this cause, and therefore has not been notified. The Court has reviewed the Department's efforts in attempting to locate said person and in requesting service of citation.

2.6. The Court finds that **T████ H████████**, entitled to notice under § 263.301, and Chapter 102, Texas Family Code, has not been served in this cause, and therefore has not been notified. The Court has reviewed the Department's efforts in attempting to locate said person and in requesting service of citation.

2.7. The Court finds that **C███████ S██████████**, entitled to notice under § 263.301, and Chapter 102, Texas Family Code, has not been served in this cause, and therefore has not been notified. The Court has reviewed the Department's efforts in attempting to locate said person and in requesting service of citation.

2.8. The Court has evaluated the Department's efforts to identify relatives who could provide the children with a safe environment if the children are not returned to a parent or another person or entity entitled to service under Chapter 102, Texas Family Code and to obtain the assistance of each parent to provide information necessary to locate an absent parent, alleged father, or relative of the child. The Court has further reviewed the efforts of the parent, alleged father or relative before the Court in providing information necessary to locate another absent parent, alleged father or relative of the children pursuant to §263.306 (a) (3), Texas Family Code.

2.9. The Court finds that no further plans, services or temporary orders other than as specified herein are necessary to ensure that a final order is rendered before the dismissal date of this suit.

For Official Governmental Use Only - Do Not Disseminate to the Public: 60340390 - Page 3 of 5

## 3. Placement and Services:

3.1. The Court finds that the children who are the subject of this Permanency Hearing are as follows and their placements are as follows:

| Children | Current Placement |
|---|---|
| D▮▮▮ L▮ D▮▮▮▮▮ | CURRENT PLACEMENT*** |
| L▮▮▮ S▮▮▮▮ | ***CURRENT PLACEMENT*** |
| J▮▮▮ S▮▮▮ | ***CURRENT PLACEMENT*** |
| H▮▮▮▮ S▮▮▮ | ***CURRENT PLACEMENT*** |

3.2. The Court finds that _____ is willing and able to provide the children _____ with a safe environment and therefore return of the child to _____ is in the children's best interest. IT IS THEREFORE ORDERED that the Department shall place the children _____ in the home of _____ .

OR

3.3. The Court finds that neither the child's parents not any other person or entity entitled to service under Chapter 102, Texas Family Code is willing and able to provide the children D▮▮▮ L▮ D▮▮▮▮▮▮ , L▮▮▮ S▮▮▮ , J▮▮▮ S▮▮▮ and H▮▮▮▮ S▮▮▮ with a safe environment, and therefore return of the child to a parent or other person or entity is not in the children's best interest. The children continue to need substitute care and the children current placement is appropriate for the children's needs.

3.4. The Court finds that no other/the following plans or services are needed to meet the child's treatment, rehabilitation, or educational needs.

_____
_____
_____

3.5. The Court finds that no other/the following plans or services are needed to ensure that a final order is rendered before the date for dismissal of the suit:

_____
_____
_____

## 4. Orders

4.1. **IT IS ORDERED** that, except as specifically modified by this order or any subsequent order, the permanency plans for the children, set out in the service plans and/or Permanency Progress Reports filed with the Court, are approved and adopted by this Court and incorporated herein as if set verbatim in this order. The actions specified in each service plan and/or Permanency Progress Report on file as of the date of this order represent actions which this Court requires of the parent specified in the service plan and/or Permanency Progress Report and the actions much be performed in order for the parent to regain custody of the children who are presently in the temporary managing conservatorship of the Department.

For Official Governmental Use Only - Do Not Disseminate to the Public: 60340390 - Page 4 of 5

4.2. **IT IS ORDERED** that all previous orders issued by this Court shall continue without modification/subject to the following modification.

_____

_____

_____

4.3. Unless otherwise directed by this Court prior to the hearing, the following children shall not be required to attend the next permanency hearing:

D████ L█ D████████

L████ S████████

J████ S████████

H████████ S████████

4.4. IT IS ORDERED that _____

_____

_____

## 5. Dismissal Date and Hearing Dates

5.1. Pursuant to § 263.306(13), Texas Family Code, the Court determines that the date for dismissal of this cause shall be **July 21, 2014**.The Court determines that the next permanency hearing is set on _June 17, 2014_, at _1:15_ o'clock **p.m.** in the 313th Judicial District Court of Harris County in Houston, Texas. The Court determines that this suit shall be and is hereby set for trial on _June 17, 2014_.

SIGNED this _____ day of **APR 0 1 2014**, 2014.

**APR 0 1 2014**

SIGNED this _____ day of _____, 2014.

_____
MASTER OF THE COURT

_____
JUDGE PRESIDING

For Official Governmental Use Only - Do Not Disseminate to the Public: 60340390 - Page 5 of 5



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 18, 2015

Certified Document Number:        60340390 Total Pages:  5

*Chris Daniel*

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**Tab 8**
**Permanency Hearing Order**
**(signed November 11, 2014 – image #63354474)**

Pehet P.5

AASYIA FREEMAN 182-3
KRISTINA MOORE 182-3

ORIGINAL

FILED
Chris Daniel
District Clerk
NOV 11 2014
Harris County, Texas
Time:_____
By_____
Deputy

CAUSE NO. 2013-05778J
(TRANSFERRED FROM 308 COURT)

IN THE INTEREST OF

D███ L██ D████
I█████ L████ S██████
J█████ J██ S████
H██████ N██ S█

CHILDREN

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

313TH JUDICIAL JUVENILE DISTRICT

## PERMANENCY HEARING ORDER

On **November 11, 2014,** a permanency hearing was held pursuant to Subchapter D, Chapter 263, Texas Family Code, for review of the conservatorship appointment and the placement of the children.

1. **Appearances**

    1.1. The Department of Family and Protective Services ("the Department") appeared through **AASYIA FREEMAN**, caseworker, and by attorney and announced ready.

    1.2. Respondent MOTHER J█████ T█████ D████████
    ☐ appeared in person and announced ready.
    ☐ appeared through attorney of record **THEODORE F. TRIGG** and announced ready.
    ☑ appeared in person and through attorney of record **THEODORE F. TRIGG** and announced ready.
    ☐ waived issuance and service of citation by waiver duly filed.
    ☐ agreed to the terms of this order as evidenced by signature below.
    ☐ although duly and properly notified, did not appear and wholly made default.
    ☐ was not notified, and did not appear.

    1.3. Respondent FATHER D████ L█ D██████ AKA N█████ D████████
    ☐ appeared in person and announced ready.
    ☑ appeared through attorney of record **JOHN S. MAISEL** and announced ready. ← Bill Thurrem for
    ☑ appeared in person and through attorney of record **JOHN S. MAISEL** and announced ready.
    ☐ waived issuance and service of citation by waiver duly filed.
    ☐ agreed to the terms of this order as evidenced by signature below.
    ☐ although duly and properly notified, did not appear and wholly made default.
    ☐ was not notified, and did not appear.

---

Permanency Hearing Order
Page 1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

2013-05778J / 313th
September 12, 2014 (zenab)

For Official Governmental Use Only - Do Not Disseminate to the Public: 63354474 - Page 1 of 5

1.4. Respondent ALLEGED FATHER R█████ S█████
☑ appeared in person and announced ready. *Bill Thursing tj*
☐ appeared through attorney of record **JOHN S. MAISEL** and announced ready.
☐ appeared in person and through attorney of record **JOHN S. MAISEL** and announced ready.
☐ waived issuance and service of citation by waiver duly filed.
☐ agreed to the terms of this order as evidenced by signature below.
☐ although duly and properly notified, did not appear and wholly made default.
☐ was not notified, and did not appear.

1.5. Respondent ALLEGED FATHER T████ H█████
☐ appeared in person and announced ready. *Bill Thursing fv*
☑ appeared through attorney of record **JOHN S. MAISEL** and announced ready.
☐ appeared in person and through attorney of record **JOHN S. MAISEL** and announced ready.
☐ waived issuance and service of citation by waiver duly filed.
☐ agreed to the terms of this order as evidenced by signature below.
☐ although duly and properly notified, did not appear and wholly made default.
☐ was not notified, and did not appear.

1.6. Respondent ALLEGED FATHER C█████ S█████ AKA C█████ S█████ AKA C█████ S█████ AKA C████ S█████
☐ appeared in person and announced ready. *Bill Thursing v*
☑ appeared through attorney of record **JOHN S. MAISEL** and announced ready.
☐ appeared in person and through attorney of record **JOHN S. MAISEL** and announced ready.
☐ waived issuance and service of citation by waiver duly filed.
☐ agreed to the terms of this order as evidenced by signature below.
☐ although duly and properly notified, did not appear and wholly made default.
☐ was not notified, and did not appear.

1.7. Respondent UNKNOWN FATHER
☐ appeared in person and announced ready.
☑ appeared through attorney of record **JAMES MARK COOPER** and announced ready.
☐ appeared in person and through attorney of record **JAMES MARK COOPER** and announced ready.
☐ waived issuance and service of citation by waiver duly filed.
☐ agreed to the terms of this order as evidenced by signature below.
☐ although duly and properly notified, did not appear and wholly made default.
☐ was not notified, and did not appear.

1.8. **SUSAN RYAN SOLIS**, appointed by the Court as Attorney and Guardian Ad Litem of the children the subject of this suit,
☑ appeared and announced ready.
☐ agreed to the terms of this order.
☐ agreed to the terms of this order, but did not appear
☐ although duly and properly notified, did not appear.

For Official Governmental Use Only - Do Not Disseminate to the Public: 63354474 - Page 2 of 5

1.9.  **CHILD ADVOCATES, INC.**, appointed by the Court as Volunteer Advocate of the children the subject of this suit,

☑ appeared and announced ready.
☐ agreed to the terms of this order.
☐ agreed to the terms of this order, but did not appear
☐ although duly and properly notified, did not appear.

1.10.  Also Appearing _____

_____

_____

_____

## 2.  Findings

2.1.  The Court, having reviewed the pleadings and considered all evidence and information required by law, including all service plans and Permanency Progress Reports filed by the Department, finds that all necessary prerequisites of the law have been satisfied, that this Court has jurisdiction over this cause, and that the following orders are in the best interest of the children the subject of this suit.

2.2.  The Court has reviewed services plans, permanency report and other information submitted to the court to determine the safety of the children, the continuing necessity and appropriateness of the placement of each child, the extent of compliance with the case plan, the extent of progress which has been made toward alleviating or mitigating the causes necessitating placement in foster care, and to project a likely date by which the children may be returned to and safely maintained in the home or placed for adoption or in a permanent managing conservatorship, as applicable. The Court finds that the Department has made reasonable efforts, as identified in its service plans and/or Permanency Progress Reports, to finalize the permanency plan that is in effect for each child.

2.3.  The Court finds that all persons entitled to notice under § 263.301, Texas Family Code, have been notified, except as specifically set out below.

2.4.  The Court has evaluated the Department's efforts to identify relatives who could provide the children with a safe environment if the children are not returned to a parent or another person or entity entitled to service under Chapter 102, Texas Family Code and to obtain the assistance of each parent to provide information necessary to locate an absent parent, alleged father, or relative of the child. The Court has further reviewed the efforts of the parent, alleged father or relative before the Court in providing information necessary to locate another absent parent, alleged father or relative of the children pursuant to §263.306 (a) (3), Texas Family Code.

2.5.  The Court finds that no further plans, services or temporary orders other than as specified herein are necessary to ensure that a final order is rendered before the dismissal date of this suit.

2.6.  The Court finds that **D.___L_D_____AKA N_____D___** is the father of the child, **D_____ L_ D_____**

## 3.  Placement and Services:

3.1.  The Court finds that the children who are the subject of this Permanency Hearing are as follows and their placements are as follows:

For Official Governmental Use Only - Do Not Disseminate to the Public: 63354474 - Page 3 of 5

<table>
<tr><td><strong><u>Children</u></strong></td><td><strong><u>Current Placement</u></strong></td></tr>
</table>

| Children | Current Placement |
|---|---|
| L▓▓▓▓ L▓ S▓▓▓▓▓ | SUBSTITUTE CARE |
| J▓▓▓ J▓ S▓▓▓▓▓ | SUBSTITUTE CARE |
| H▓▓▓ N▓▓ S▓▓▓ | SUBSTITUTE CARE |
| D▓▓ L D▓▓▓▓ | OWN HOME/CUSTODIAL PARENT'S HOME |

3.2. The Court finds that _____ is willing and able to provide the children_____ with a safe environment, and therefore return of the child to_____ is in the children's best interest. IT IS THEREFORE ORDERED that the Department shall place the children _____ in the home of _____.



3.3. The Court finds that neither the child's parents not any other person or entity entitled to service under Chapter 102, Texas Family Code is willing and able to provide the children D▓▓ L D▓▓▓▓▓, L▓▓▓▓ L▓▓▓ S▓▓▓, J▓▓▓ J▓ S▓▓▓ and H▓▓▓▓ N▓▓▓▓ S▓▓▓ with a safe environment, and therefore return of the child to a parent or other person or entity is not in the children's best interest. The children continue to need substitute care and the children current placement is appropriate for the children's needs.

3.4. The Court finds that no other/the following plans or services are needed to meet the child's treatment, rehabilitation, or educational needs.

_____

_____

_____

3.5. The Court finds that no other/the following plans or services are needed to ensure that a final order is rendered before the date for dismissal of the suit:

_____

_____

_____

4. **Orders**

4.1. **IT IS ORDERED** that, except as specifically modified by this order or any subsequent order, the permanency plans for the children, set out in the service plans and/or Permanency Progress Reports filed with the Court, are approved and adopted by this Court and incorporated herein as if set verbatim in this order. The actions specified in each service plan and/or Permanency Progress Report on file as of the date of this order represent actions which this Court requires of the parent specified in the service plan and/or Permanency Progress Report and the actions much be performed in order for the parent to regain custody of the children who are presently in the temporary managing conservatorship of the Department.

For Official Governmental Use Only - Do Not Disseminate to the Public: 63354474 - Page 4 of 5

4.2. **IT IS ORDERED** that all previous orders issued by this Court shall continue (without) ~~modification/subject~~ to the following modification.

_____

_____

4.3. Unless otherwise directed by this Court prior to the hearing, the following children shall not be required to attend the next permanency hearing:

D████████ L █ D███████████

L██████████ L██████ S████████

J███████ J███ S█████████

H███████████ N██████ S████████████

4.4. IT IS ORDERED that _____

_____

_____

## 5. Dismissal Date and Hearing Dates

5.1. Pursuant to § 263.306(13), Texas Family Code, the Court determines that the date for dismissal of this cause shall be **July 21, 2014**. The Court determines that the next permanency hearing is set on _O1 15 14_____, at __1:15__ o'clock __p__.m. in the 313th Judicial District Court of Harris County in Houston, Texas. The Court determines that this suit shall be and is hereby set for trial on_O1 15 14_____.

SIGNED this _____ day of **NOV 1 1 2014**_____, 2014.

**NOV 1 1 2014**

SIGNED this _____ day of _____, 2014.

_____
MASTER OF THE COURT

_____
JUDGE PRESIDING

For Official Governmental Use Only - Do Not Disseminate to the Public: 63354474 - Page 5 of 5



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 18, 2015

Certified Document Number:        63354474 Total Pages:  5

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**